## GEORGIA RAILROAD & BANKING CO. *v.* STRAUSS.

1. On the trial of an action for damages brought against a railway company on the theory that the relation of master and servant existed between it and the plaintiff's deceased husband, who met his death by reason of the negligence of a third person alleged to have been also in the company's employ, it is error to reject evidence tending to establish its defense that it had never employed either the plaintiff's husband or such third person, but that both were really in the service of an altogether different company operating under a similar name.

2. A new trial is less reluctantly granted because the verdict was so excessive in amount as to suggest gross mistake or undue bias on the part of the jurors who returned the same.

Argued October 13, 1899. — Decided March 3, 1900.

Action for damages. Before Judge Reagan. Morgan superior court. February term, 1899.

*Joseph B. & Bryan Cumming* and *Foster & Butler,* for plaintiff in error. *C. T. Ladson* and *George & George,* contra.

FISH, J. An action was brought by Mrs. Edward F. Strauss, in the superior court of Morgan county, to recover damages for the homicide of her husband, who she alleged was, on July 11, 1897, "in the employ of the Georgia Railroad & Banking Company, a corporation organized under the laws of the State of Georgia, now owning and operating a certain

line of railway running through said county." In her petition it was further alleged that "petitioner's said husband was a fireman of an engine pulling a train of freight-cars on route from Augusta to Atlanta, Ga.," and the circumstances under which he received the injuries which resulted in his death were set forth in detail, complaint being made that such injuries were the direct result of certain specified acts of negligence on the part of the company's engineer. In its answer it made a general denial of all the material allegations of her petition, save those only which are above quoted; and by an amendment filed pending the trial, apparently without objection, also denied "that Edward F. Strauss was, on July 11th, 1897, or at any other time, in defendant's employ, as a fireman or otherwise." Upon a trial of the issue thus formed, a verdict was returned in favor of the plaintiff. The question here presented is whether or not the court below erred in overruling the company's motion for a new trial. The defendant company offered testimony to the effect that Strauss was not, "at that time, or at any other time during the month of July, 1897, employed by the Georgia Railroad and Banking Company," but the court declined to allow proof on this line, "holding that said evidence could not be introduced, because the allegations of the first paragraph of plaintiff's petition had not been expressly denied." Thereupon the defendant made the amendment to its answer above referred to, and again tendered this testimony, together with other evidence going to show that "the Georgia Railroad Company [was] a separate and distinct concern from the Georgia Railroad and Banking Company," and that the engineer of the train in question was not in the employ of the latter corporation. The trial judge, however, declined to allow any of this proof to be made, and also ruled out certain testimony bearing on the subject which had already been admitted, announcing in general terms that he would rule out "everything that [had] been said by any witness about the Georgia Railroad Company, or any railroad company except the Georgia Railroad and Banking Company," save only "evidence going to show that the deceased was not an employee of the Georgia Railroad and Banking Company."

We do not understand why, under this ruling, the court did not permit the introduction of further testimony to the effect that Strauss was not, as matter of fact, in the service of the company last named at the time he was injured. The amendment to the defendant's answer, which was duly allowed, and to which no objection appears to have been made, rendered such evidence unquestionably admissible. Moreover, the company's answer, as originally filed, made absolute denial of the plaintiff's allegations that her husband's injuries were sustained by reason of the negligence of an engineer in its employ. This being so, it certainly was the right of the defendant to show that this engineer was not in its service; and the evidence which had already been introduced disclosing that he was really employed by a concern which the witnesses styled the "Georgia Railroad Company," the defendant should also have been permitted to show that this company, though having a similar name, was an entirely distinct entity from that known as The Georgia Railroad and Banking Company. This similarity in names was calculated to mislead the jury into the belief that the witnesses who had referred in their testimony to the "Georgia Railroad Company" really meant the defendant corporation and merely made use of an abbreviation of its corporate name for convenience or out of force of habit. Indeed, the offered explanation was essential to remove an apparently irreconcilable conflict in the testimony delivered by the defendant's own witnesses, some of whom had testified that Strauss was in the service of the "Georgia Railroad Company," while others of them had made the unequivocal assertion that he was *not* employed by "The Georgia Railroad and Banking Company." Without a doubt, the rejection and ruling out of such material evidence operated to the prejudice of the defendant. The plaintiff's petition was framed upon the theory that the relation of master and servant existed between Strauss and the defendant company; that a named third person, alleged to have been guilty of negligence, sustained towards the company a like relation, and as he was acting for his master and in the line of his duty as its servant at the time of the injury, the company was liable to the plaintiff under the doctrine of imputable negli-

gence. It was clearly incumbent upon the plaintiff to prove her case as laid. It is equally obvious that a complete reply to her action would be for the defendant company to affirmatively show that neither Strauss nor the person alleged to be its negligent servant was really in its employ, and that accordingly the cause of action stated in her petition rested upon mere fiction, not upon fact. As has been seen, the defendant company was not permitted to avail itself of its undoubted privilege of making this eminently proper defense by introducing all competent evidence at its command.

We are less reluctant to grant a new trial in this case, because there is reason to apprehend that the jurors who returned the verdict were far from impartial, as the amount of their finding strongly indicates. It was for $12,000, a sum entirely out of all reasonable proportion to that which, in the most favorable view of the evidence on the question of damages, might justly have been awarded, assuming that the plaintiff had established her alleged right of recovery. This fact seems to have been fully appreciated by her counsel; for, prior to the hearing of the motion for a new trial, they in her behalf filed in court a paper reciting that she thereby voluntarily wrote off four thousand dollars of the verdict returned in her favor, thus reducing it to eight thousand dollars. It is by no means conceded by the other side that this latter amount would have been authorized, or that a verdict so excessive as to suggest bias and prejudice on the part of the jury returning it can be cured in any such manner. But as there is to be another hearing, we shall not further discuss this aspect of the case, or undertake to say what our duty in the premises would be if this were the only ground of the motion for a new trial. Nor do we deem it necessary to deal with any of the minor points presented by the motion.

*Judgment reversed. All the Justices concurring.*