## POSTELL *v.* BRUNSWICK & WESTERN RAILROAD CO.

A petition alleging that the plaintiff was an employee of the defendant, and, as such, sustained personal injuries through the defendant's negligence, while engaged in the work he was employed to do, is not sustained by evidence showing that the relation of master and servant did not exist between these parties, and that the plaintiff was really the servant of another person and was doing the work in question under his employment by that person.

Argued December 5, 1900. — Decided January 25, 1901.

Action for damages. Before Judge Hobbs. City court of Albany. February term, 1900.

*Walters & Wallace*, for plaintiff.

*D. H. Pope & Son*, for defendant.

FISH, J. There was no error in granting a nonsuit in this case, as the allegata and the probata did not correspond. The petition made one case, and the evidence made another. The suit was against the Brunswick and Western Railroad Company. The petition alleged that, "on the 16th day of November, 1897, your petitioner was in the employ of said defendant as switchman in the city of Albany, said State and county, his principal duty being to couple and uncouple. cars in making and unmaking the trains of defendant, and in carrying out said duties he obeyed the orders and instructions of one general yardmaster, who, together with your petitioner, was employed by several railroads at said point to make and unmake their trains, this defendant being one of said railroad companies so employing;" that "on said day it became his duty to couple a certain car to certain other cars then attached to a switch-engine of defendant, engaged in drilling its cars on a side-track in said city and county;" and that while endeavoring to discharge this duty he was injured "by fault and negligence of defendant," under the circumstances and as set forth in the petition, without any fault whatever upon his part. His proof showed that he was hired and paid by the Central of Georgia Railway Company, which company furnished him "as a part of the crew to do the yard work;" that the Central company furnished a part of this crew and the defendant company furnished a part of the same, and this yard crew or force was under the control and direction of a common yardmaster; that the plaintiff did nothing but the defendant's work, the yard crew being divided and he being assigned to duty in the part of the yard used by the defendant; that "at the time [he] was hurt, the train was on the siding used for the Brunswick and Western siding, the part of the yard used by the defendant, on the east of the Central yard, on the part that was set apart for the defendant, ever since it had been built;" that it was his duty to receive the trains of the defendant on that line as they came in, couple and uncouple them, and "it was Manning Wilkerson's duty to receive the Central cars as they came;" that "the defendant's road accepted [his] services all the time," but he "always got [his] pay through the Central, but any instructions that they gave [him] out of the Brunswick and Western office" he had to follow.

It will be seen that the plaintiff alleged one case and proved another. His suit was based upon the relation of master and servant, which he alleged existed between the defendant company and himself, and the duties of the master growing out of that relation; but his proof showed that this relation did not exist between himself and the defendant. His evidence showed that he was not employed by the defendant company, but by the Central of Georgia Railway Company. He was the servant of the latter company, notwithstanding the fact that he was, when injured, doing the work of the defendant company. Relatively to the defendant company he was, while engaged in the work of coupling and uncoupling its cars, a licensee. He had the right, and it was his duty, under his contract with the Central company, to do this work for the defendant company, but he was employed to do it by the Central company, who furnished him, as its servant, to the defendant company for this purpose. Had he sued the defendant for injuries which he, as a licensee, received while attempting to couple cars forming a part of its train, his proof and his allegations would have corresponded, and if he showed that his injuries were caused by the defendant's negligence, he could have recovered. But having sued for injuries received while in the employ of the defendant, in consequence of the negligence of the defendant, when his evidence showed that he was not the servant of the defendant when he sustained the injuries, his case fell, and, whether the defendant did or did not negligently injure him, he could not recover upon the state of facts upon which he predicated his right to recover. *Central of Georgia Ry. Co.* v. *Williams,* 105 *Ga.* 70; *Georgia Railroad & Banking Co.* v. *Strauss,* 110 *Ga.* 189.

*Judgment affirmed. All the Justices concurring.*