1520. LAMPTON *v.* CEDARTOWN COMPANY.

1. One who employs an independent contractor to do a specific piece of work, not in itself unlawful, is not liable for an injury caused by a casual act of negligence of the contractor while the work is in progress.
2. The fact that the owner of a building to be constructed furnishes to the contractor the material for the building, or stipulates in the contract that the work of constructing shall be performed by the contractor according to plans and specifications of an architect and to the satisfaction of the engineer of the owner, does not make the owner liable for an injury resulting proximately and solely from a negligent act of the contractor in the work of construction.
3. The evidence for the plaintiff clearly showed a case of employer and independent contractor, and a tort for which the latter, if any one, was liable. The judgment of nonsuit was therefore properly awarded.

Action for damages, from city court of Polk county—Judge Irwin. October 13, 1908.

Argued January 26,—Decided May 4, 1909.

*William Janes, Janes & Hutchens,* for plaintiff.

*C. R. Turner, Trawick & Ault,* for defendant.

HILL, C. J. Ella Lampton sued the Cedartown Company for damages on account of personal injuries. At the conclusion of her evidence the court awarded a nonsuit; which is assigned as error. Briefly stated, the evidence makes the following case: While the plaintiff was walking on the sidewalk of Main street in Cedartown, a piece of lumber fell from the top of a building in course of construction, owned by the defendant, not striking her, but causing her, in order to avoid injury therefrom, to make a sudden jump and to fall against a pile of brick, from which she received the injuries complained of. The building was being erected by two separate contractors for the defendant. One of these contractors was to do the woodwork, and the other the brickwork. The piece of lumber that fell was described as a "scantling," which the contractor for the brickwork and one of his employees were using as a "straight edge," and at the time that it fell these two men were using it in their work, one having one end of it and the other the other end. The contracts for the erection of the building were in writing, and provided that the contractors, for a stipulated sum, were to furnish all the labor and tools, and to do all the work in the construction of the building, in a most thorough and workmanlike manner, and according to plans and specifications prepared by the architect, and to the satisfaction of the engineer of the defendant. The contract further provided that the contractors were to take all precautions required by the city authorities to protect the public from injury, and were to be responsible for any and all damages occurring to passers-by resulting from neglect of such precaution and care. The engineer testified, for the plaintiff, that all the work of erecting the building was done under the two contracts in question, and that he had no connection with the work except to see that it was done according to the plans and specifications of the architect.

The general and well-settled principle of law, that where one person employs another by contract to do a particular piece of work, reserving to himself no control over the manner in which the work is to be performed, except that when completed it shall comply with certain plans and specifications prepared by an archi-

tect, he is not liable for any injury which may occur to others by reason of any negligence of the contractor, has been adopted as statute law of this State.   The Civil Code, § 3818, provides as follows:  "The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer."   In other words, a person who employs an independent contractor to perform a specified piece of work is not liable for injuries caused by any mere casual tort which the latter's servants may commit while the work is in progress. The application and limits of this doctrine are to be determined by the particular facts of each case.   Independence of control in employing workmen and in selecting the means of doing the work is the test usually applied by the courts to determine whether a contractor is an independent one or not; and this is the test applied by the statute of this State, supra.   The test has never been better expressed than by Wood in his work on Master and Servant (§ 593) :   "When a person lets out work to another to be done by him, such person to furnish the labor, and the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant, and the contractee is not liable for the negligent or improper execution of the work by the contractor."   This does not mean that the specific work to be done shall not be done according to definite plans and specifications of the employer, or that he may not reserve, through the direction of an architect or an agent, a general supervision, to see that the work is properly done according to plans and specifications, provided the methods and instruments of doing the specific work are left under the exclusive control of the contractor.   It is contended in this case that the work was not to be done by an independent contractor; because the owner of the building furnished the material for its construction, and the work was to be done according to the plans and specifications of the architect, and to the satisfaction of the engineer of the owner; in other words, that by these stipulations the owner of the building in question reserved the right to exercise control over the details of the work in question.   The injury in this case had no connection with any material that was used, but was purely a casual act of negligence, occurring in the course of

construction when the contractor had absolute and entire control of the work. In nearly all cases of independent contractors the owner or proprietor usually retains control by a skilled architect, "not for the purpose of controlling the contractor in his methods, but for the purpose of assuring himself that the results enumerated in the specifications of the contract are reached by the contractor step by step as the work progresses." 2 Thompson on Negligence, §41. Nor did the fact that the contract in this case required that the work be done to the satisfaction of the engineer of the defendant make the case one of master and servant. Certainly it would not prevent one from being an independent contractor that the stipulation in his contract required that his work be done to the satisfaction of the contractee or employer. The Supreme Court of this State has in several cases made an application of the principle of law now under discussion to particular facts. See *Harrison* v. *Kiser,* 79 *Ga.* 588 (4 S. E. 320) ; *Atlanta & Florida R. Co.* v. *Kimberly,* 87 *Ga.* 161 (13 S. E. 277, 27 Am. St. R. 231) ; *Ridgeway* v. *Downing Co.,* 109 *Ga.* 591 (34 S. E. 1028). And it deduces from all the cases this general rule, which, after all, is but a judicial interpretation and elaboration of the principle announced in §3818 of the Civil Code. "Where an individual or corporation contracts with another individual or corporation, exercising an independent employment, for the latter to do a work not in itself unlawful or attended with danger to others, such work to be done according to the contractor's own methods and not subject to the employer's control or orders except as to results to be obtained, the employer is not liable for the wrongful or negligent acts of the contractor or of the contractor's servants." *Atlanta & Florida R. Co.* v. *Kimberly,* supra. And after stating this general rule, the court enumerates and defines the exceptions which are now embodied in §3819 of the Civil Code. See also *Johnson* v. *W. & A. R. Co.,* 4 *Ga. App.* 131 (60 S. E. 1023). It is not pretended that the facts of the present case bring it within any of the enumerated exceptions to the rule. The principle of law is so well settled that we deem it entirely profitless to extend this discussion. We think the facts clearly show that this was a case of an independent contractor, and that the judgment awarding a nonsuit should be sustained.        *Judgment affirmed.*