### LOUISVILLE & NASHVILLE RAILROAD COMPANY v. HUGHES.

FISH, C. J.  1. Where one corporation conveys its property to another, this alone does not destroy the corporate existence of the grantor or constitute a merger of the two corporations, or render the grantee subject to an action for damages for a tort previously committed by the grantor. The grantor is still subject to suit; and if liable, the question of seeking to subject property to such liability on a judgment rendered thereon is different from suing the grantee directly for the tort.

(a) The deed from the A., K. & N. R. Co. to the L. & N. R. Co. was a conveyance of property, not a merger of corporate existence. ·

2. The fact that the grantee agreed with the grantor to pay all of the debts or liabilities of the latter, existing at the time of the transfer, did not authorize one who claimed to have been injured by a tort of the grantor committed before the making of the transfer to bring suit therefor against the grantee.  ⁹

3. If the grantee was guilty of any tort or violation of duty after the conveyance, causing injury, it would be liable for such damages as were shown to be caused by its breach of duty or tortious conduct, but not because of its agreement with the grantor on the theory of merger.

4. The employer generally is not responsible for torts committed by his employee, when the latter exercises an independent business and is not subject to the immediate direction and control of the employer.  Civil Code, § 3818.

5. As a general rule a railroad company is not liable for an injury resulting from a nuisance created by the negligence of an independent contractor·in constructing its railroad, where it retains no control over the contractor except to see, by its superintendent, that the railroad is built according to contract.  *Atlanta & Florida R. Co.* v. *Kimberly*, 87 *Ga.* 161 (13 S. E. 277, 27 Am. St. R. 231).

(a) The contract in the present case contained the following among other provisions:  "Said labor, teams, tools, engines, machinery, and materials to be furnished and the said work to be done by said contractors to the satisfaction of the Engineer of the Railroad Company, according to said specifications, plans, profiles, and sections, and according to such working plans and explanatory drawings.and instructions as may from time to time be furnished by said Engineer."  The "contractors will give personal attention and superintendence to the work."  The "amount of force employed by the contractors is at all times subject to regulation, and must be increased or diminished as required by the Engineer."  The "work under this contract shall at every stage of its progress—from beginning to end—be subject to the direction, inspection, and acceptance of the Engineer, who shall determine what in any case is a fair construction of the contract and what such construction requires to be done by either party; and his final measurements and classifications shall be final and conclusive upon both parties."  "The Engineer shall have power to direct the application of the forces to any portion of the work which, in his judgment, requires it, and to order the increase or diminution of the forces at any point he may indicate,  .    .    the contractors [shall not] employ any person or persons who commit depredations on the

neighborhood, or insult travelers or other persons; and all such disorderly persons shall be discharged from employment whenever the contractors shall be directed so to do by the Engineer in charge of the work." *Held,* that in its general scope the contract made the parties who contracted to do the work specified for the railroad company independent contractors. Considering the character of the work to be done, the necessity for inspecting it and seeing that it came up to contract specifications, and the entire contract, the above-quoted provisions, inserted for the purpose of having the engineer see that the work came up to the requirements of the contract, of guarding against disorderly conduct affecting the public, and for requiring the contractors to hasten the work at particular points where necessary for the fulfillment of the contract, did not make the contractors the mere servants of the railroad company, so as to ipso facto render the latter liable for the negligence of the former in the mere manner of performing the work, if the company was not otherwise liable for the conduct of such parties considered as independent contractors, in causing the injury.

6. The employer is liable for the negligence of the contractor—1. When the work is wrongful in itself, or, if done in the ordinary manner, would result in a nuisance; 2. Or, if, according to previous knowledge and experience, the work to be done is in its nature dangerous to others, however carefully performed; 3. Or, if the wrongful act is the violation of a duty imposed by express contract upon the employer; 4. Or, if the employer retains the right to direct or control the time and manner of executing the work; or interferes and assumes control, so as to create the relation of master and servant, or so that injury results which is traceable to his interference; 5. Or, if the employer ratifies the unauthorized wrong of the independent contractor. Civil Code, § 3819.

7. The entire charge is not in the record. In certain excerpts from the charge in relation to the measure of damages, in case of liability, the law on the subject appears to be inaccurately stated; but as the case is returned for another trial, they need not now be dealt with more in detail.          · *Judgment reversed. All the Justices concur.*

FEBRUARY 19, 1910.

Action for damages.     Before Judge Fite.     Bartow superior court.     November 9, 1908.

*Tye, Peeples & Jordan, D. W. Blair,* and *Neel & Peeples,* for plaintiff in error.

· *J. G. B. Erwin Jr.* and *Thomas W. Milner & Son,* contra.

Action for personalty.    Before Judge Wright.    Floyd superior court.    August 4, 1908.