3024.   LEE *v.* ATLANTA, BIRMINGHAM & ATLANTIC RAILROAD CO.

The relation of principal and agent ordinarily does not arise between employer and employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer; and in such cases, where torts are committed by the employee, the employer, is not liable, under the provisions of the Civil Code (1910), § 4414. No exception to this rule exists where a chartered railroad company employs another person or corporation, not under its immediate direction and control, to do such work.

DECIDED SEPTEMBER 28, 1911.

Action for damages; from city court of Atlanta—Judge Reid. September 13, 1910.

*Burton Smith,* for plaintiff.   *Rosser & Brandon,* for defendant.

RUSSELL, J.   The suit was for damages alleged to have resulted under the following circumstances: The plaintiff alleged, that he was an employee of the defendant company, in the capacity of a fireman, and, at the time he was injured, was working on its railroad. The special work in which he and those associated with him were engaged was filling in dirt at the end of a trestle. There were two stationary engines on a flat car, and they were used in pulling a plow over the flat cars to scrape dirt from them, which had been placed there to fill in the trestle. The steam used in the operation of these stationary engines was furnished by steam-pipe connection with the locomotive engine on which he was injured. It was a part of the duty of the petitioner to run the stationary engines. He turned on the steam at the locomotive and started over to the stationary engines for the purpose of starting them. As he started from the locomotive, a pipe, connecting the locomotive and the stationary engines, blew out, and he was thrown to the ground some distance below and injured. This pipe was alleged to have been defective in certain particulars mentioned. The plaintiff alleged that he was free from fault, and did not know of the de-

fective condition of the pipe.   Upon the trial of the case, after the
evidence was all in, the court directed a verdict in favor of the de-
fendant; and to this direction the plaintiff excepted:

The undisputed evidence on the trial showed that the work of
filling in the trestle in question was being done by the Atlantic &
Birmingham Construction Company, a corporation organized by
a judgment of the superior court under a contract wherein the con-
struction company agreed with the Atlanta, Birmingham & Atlantic
Railroad Company (which will hereafter be referred to as the rail-
road company) to construct and fully complete its line of road from
a point near Warm Springs, in Meriwether county, up to the
city of Atlanta, but not into the city itself.   The injury occurred at
a point at which the construction company, under its contract,
was bound to construct the railroad.   The plaintiff, at the time of
his injury, was an employee of the construction company, and not
of the railroad company.   He was engaged in and about the work
of the construction company, and was not doing any work for
the railroad company.   His contract of employment was with the
construction company.   He was paid by the construction company
for his services, and the defendant company insisted upon its non-
liability, upon the ground that he was in the employment of an in-
dependent contractor, and suffered injuries as a consequence of the
negligence of the independent contractor.   The railroad company
exercised no supervision or control over him or his associates in
and about the work of the construction company, and reserved the
right only to supervise the work of the construction company to the
extent of seeing that it properly complied with its contract.   As to
all of the other essential ingredients of the case it is assumed, for
the purpose of determining this writ of error, that the evidence, oth-
erwise than as above stated, would have justified a recovery for the
plaintiff.   The question then is whether the employer, under the
circumstances stated, was liable for the conduct of the independent
contractor.

Section 4414 of the Civil Code (1910) provides that "The em-
ployer generally is not responsible for torts committed by his
employee when the latter exercises an independent business, and in
it is not subject to the immediate direction and control of the em-
ployer."   It is insisted, notwithstanding the provisions of this sec-
tion, which would seem to be conclusive of the non-liability of the

defendant, that it could have no application to a railroad company, and that the railroad company could not, by the employment of an independent contractor to construct its road-bed, escape liability for injuries occurring upon its tracks. We do not think that this contention is well taken. In the first place, the injuries inflicted· in this case did not occur as the result of any breach of duty owing by the railroad company to the plaintiff. Relatively to him there could be no implication of such duty as would arise in favor of 'a passenger, or of other persons generally, injured because of the railroad company's permitting a third person to use its tracks or other special franchises. It owes a duty of safety to its passengers, and a like duty to other persons, to guard them against negligence in the operation either of its own trains or the trains of a third person which it permits to go upon its tracks. No duty is imposed upon a railroad company by its charter or otherwise to build by any particular means its road-beds, and there is nothing in our law which prohibits it from committing such work to the hands of an independent contractor. *Atlanta & Florida R. Co.* v. *Kimberly*, 87 Ga. 161 (13 S. E. 277, 27 Am. St. R. 231) ; *Fulton County Street R. Co.* v. *McConnell*, 87 Ga. 756 (13 S. E. 828) ; *Brunswick Grocery Co.* v. *B. & W. R. Co.*, 106 Ga. 270 (32 S. E. 92, 71 Am. St. 249).

It is perfectly apparent, from reading the contract, which is found in the record, that the construction company occupied, relatively to the railroad company in question, the position of an independent contractor. The railroad company retained no control over the building of the railroad, except to see by its appropriate officers that in the construction of the railroad the contract was complied with; and the mere fact that it stipulated that the road was to be built according to certain plans and specifications, and to the satisfaction of the railroad company's engineer, did not change the relation, as to third persons, or establish any duty between the railroad company and employees of the construction company. See *Atlanta & Florida R. Co.* v. *Kimberly*, supra; *Louisville & Nashville R. Co.* v. *Hughes*, 134 Ga. 75 (67 S. E. 542). See also *Lampton* v. *Cedartown Company*, 6 Ga. App. 147 (64 S. E. 595).

In the case last cited, Chief Judge Hill says (p. 149) : "The test has never been better expressed than by Wood in his work on Master and Servant (§ 593) : 'When a person lets out work to an-

other to be done by him, such person to furnish the labor, and the contractee reserves no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant, and the contractee is not liable for the negligent or improper execution of the work by the contractor.' This does not mean that the specific work to be done shall not be done according to definite plans and specifications of the employer, or that he may not reserve, through the direction of an architect or an agent, a general supervision, to see that the work is properly done according to the plans and specifications, provided the methods and instruments of doing this specific work are left under the exclusive control of the contractor. It is contended in this case that the work was not to be done by an independent contractor; because the owner of the building furnished the material for its construction, and the work was to be done according to the plans and specifications of the architect, and to the satisfaction of the engineer of the owner; in other words, that by these stipulations the owner of the building in question reserved the right to exercise control over the details of the work in question. The injury in this case had no connection with any material that was used, but was purely a casual act of negligence, occurring in the course of construction when the contractor had absolute and entire control of the work. In nearly all cases of independent contractors, the owner or proprietor mutually retains control by a skilled architect 'not for the purpose of controlling the contractor in his methods, but for the purpose of assuring himself that the results enumerated in the specifications of the contract are reached by the contractor step by step as the work progresses.' 2 Thompson on Negligence, § 41. Nor did the fact that the contract in this case required that the work be done to the satisfaction of the engineer of the defendant make the case one of master and servant. Certainly it would not prevent one from being an independent contractor that the stipulation in his contract required that his work be done to the satisfaction of the contractee or employer. The Supreme Court of this State has in several cases made an application of the principle of law now under discussion to particular facts. See *Harrison* v. *Kiser*, 79 *Ga.* 588 (4 S. E. 320); *Atlanta & Florida R. Co.* v. *Kimberly*, 87 *Ga.* 161 (13 S. E. 277, 27 Am. St. R. 231); *Ridgeway* v. *Downing Co.*, 109 *Ga.* 591 (34 S. E. 1028)."

Nor can it make any difference that the railroad company might have furnished some of the materials for the construction of its road-bed, or hired to the construction company its locomotive for the purpose of pulling its cars. The stationary engines were the property of the construction company itself, and the decision in *Central R. Co.* v. *Grant,* 46 *Ga.* 417, seems to be conclusive to the effect that these circumstances do not impose a liability upon the defendant company. The court in that case uses the following language (p. 421) : "In our judgment, under the law defining the liability of the defendant as a railroad corporation or company, for damage done to persons by the running of the locomotives or cars, or other machinery of such company, the defendant was not liable, in damages, to the plaintiffs for the injury received by them, on the statement of facts contained in the record. The plaintiffs were in the employ of Names, the contractor ; under his supervision and direction, in the use and management of the mules, car, and driver. The fact that the defendant furnished the mules, car, driver and trestle, under the contract with Names to construct the embankment, did not make it liable for the negligence or carelessness of Names in operating and managing the same in the performance of *his contract."* Upon principle, we are unable to distinguish between that case and this.

We do not find, therefore, any authority for the proposition that a railroad company occupies a position different from that which would be occupied by any other employer relatively to an independent contractor, and it is only necessary to read section 4415 of the Civil Code (1910) to see that the facts of the present case do not bring the employer in this case within any of the exceptions named in that section. Upon the undisputed testimony in the case, the non-liability of the defendant company is apparent, and the court did not err in directing a verdict for the defendant.

There were a number of exceptions to rulings excluding evidence, but since the evidence admitted could not have changed the result in any way, it is unnecessary to discuss them, further than to say that no error was committed in excluding evidence.

*Judgment affirmed.*