17869.   EMPLOYERS LIABILITY ASSURANCE CORPORATION *et al. v.*
TREADWELL.

STEPHENS, J.   1.   This is a claim against an employer and the insurance carrier for compensation under the workmen's compensation act, because of the death of the claimant's husband from injuries alleged to have been received by him, arising out of and the course of his employment. The evidence authorizes the inference that the claimant's husband was employed by the alleged employer to operate a sawmill; that for his services he was paid a certain sum per 1,000 feet for all lumber cut, the help being paid by the employer; that the employer retained the right to direct the time and the manner of the execution of the work; and that therefore the claimant's husband was not an independent contractor, but was a servant of the employer, and one for whose death compensation is collectible under the workmen's compensation act. *Ætna Life Insurance Co.* v. *Palmer*, 33 *Ga. App.* 522 (126 S. E. 862); *Davis* v. *Menefee*, 34 *Ga. App.* 813 (131 S. E. 527); *Zurich General Accident &c. Insurance Co.* v. *Lee*, 36 *Ga. App.* 248 (136 S. E. 173).

2.   Where an insurance policy issued to an employer, assuring against liability under the workmen's compensation act, provides that it "is written to cover a portable sawmill, an American outfit using a case tractor," and further provides that "it is hereby agreed and understood that this policy covers only the mills specifically described above, and all other work or operations of the assured are excluded from this policy coverage," the words "an American outfit using a case tractor" are words of description and identification, and are not words of limitation or warranty; and where, at the time of the injury received by an employee covered by the policy, the mill had been changed and there had

---

Liability Insurance, 36 C. J. p. 1082, n. 62.
Workmen's Compensation Acts, ..C. J. p. 50, n. 63; p. 115, n. 37; p. 122, n. 40.

been substituted therefor another mill with a longer carriage, but where there had been no further change or substitution of any other part of the outfit, but the engine, the tractor, the saw, the belting, and all other equipment except the mill, had remained the same, the identity of the mill outfit covered by the policy was the same, and there is a liability .under the policy for an accident to an employee received from a log falling upon him as he was loading it upon a log-cart to be transported to the mill, where the accident arose out of and in the course of his employment.

3. The evidence authorized the inference that the claimant's husband died from traumatic pneumonia which resulted directly from an injury received in the chest when handling logs in the discharge of his duty as an employee in the operation of the sawmill.

4. It therefore appears that the injury to the plaintiff's husband arose out of and in the course of the employment, and that the commissioner was authorized, under the law and the evidence, in awarding to the claimant compensation against the employer and the insurance carrier; and the judge of the superior court did not err in affirming the award.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1928.

Appeal; from Greene superior court—Judge Park. November 18, 1926.

*Bryan & Middlebrooks, John A. Dunaway,* for plaintiffs in error. *E. R. Lambert, Miles W. Lewis,* contra.