19619. LOVELACE *v.* IVEY *et al.*

STEPHENS, J. 1. The operation of a sawmill by a steam-engine located in the woods is not a work which is "wrongful in itself or [which] if done in an ordinary manner would result in a nuisance," or which, "according to previous knowledge and experience, . . is in its nature dangerous to others however carefully performed." Where the sawmill is operated by an independent contractor, and, through negligence of his servants in its operation, fire escapes and destroys timber on adjoining premises, the person employing the contractor to operate the sawmill, and who does not exercise control over the work or interfere in its execution, is not liable to the owner of the timber destroyed as a result of the negligence of the contractor's servants.

2. In a suit to recover damages for the destruction of the plaintiff's timber, by fire alleged to have been caused by negligence of the defendant's servants in operating a sawmill with a steam-engine in the woods on the defendant's premises, where the defendant pleads that the damage was not caused by the acts of his own servants, but was caused by the acts of the servants of an independent contractor over whose work, in the operation of the sawmill, the defendant had no control, where the evidence does not demand the inference, as a matter of law, that, notwithstanding the defendant had no control over the execution of the contract, he was nevertheless liable, but where there is evidence in support of the defendant's plea, it is error, prejudicial to the de-

fendant, for the court to fail to charge the principle of law applicable to the contention made in the defendant's plea, and contained in section 4414 of the Civil Code of 1910, that the defendant would not be liable if the damage was caused by acts of the servants of a person exercising a business independent of the defendant and not subject to the defendant's immediate direction and control, where the court charges the contention of the plaintiff that the defendant is liable for the acts of the contractor if the work in its nature was dangerous to others, however carefully performed.

3. The testimony of the defendant, that his contract with the contractor provided that the contractor should cut the timber, haul it, saw it, and stack it at a stipulated price per thousand feet, indicated how the contractor would make his profits out of the contract. Testimony of the same witness, which was rejected by the court, to the effect that the contractor received out of the contract, as profits, the difference between what the employer paid him for cutting and sawing the timber and what it cost the contractor for labor and operating expenses, was but a repetition of testimony already given, and its exclusion was not error.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

Decided February 25, 1930.

*J. Q. West,* for plaintiff in error. *M. L. Felts,* contra.