DECIDED JULY 14, 1932.

*Potlle, Hardwick, Farkas & Cobb,* for plaintiff in error.
*S. B. Lippitt,* contra.

21905.   COOPER *v.* DIXIE CONSTRUCTION COMPANY *et al.*

DECIDED JULY 14, 1932.

*Brock, Sparks & Russell, R. Douglas Feagin,* for plaintiff.

*Hines & Carpenter,* for defendants.

SUTTON, J. (After stating the foregoing facts.) "The employer generally is not responsible for torts committed by his employee, when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." Civil Code (1910), § 4414. "The employer is liable for the negligence of the contractor . . if the employer retains the right to direct or control the time and manner of executing the

work; or interferes and assumes control, so as to create the relation of master and servant." Civil Code (1910), § 4415. Under these sections and the decisions relating thereto, the test to be applied in determining the relationship of the parties under a contract lies in whether it gives, or the employer assumes, the right to control the time and manner of executing the work, as distinguished from the right merely to require results in conformity to the contract. *Zurich &c. Ins. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173). So, under these sections, where one "contracts with an individual exercising an independent employment, for him to do a work not in itself unlawful or attended with danger to others, such work to be done according to the contractor's own methods and not subject to the employer's control or orders except as to results to be obtained, the employer is not liable for the wrongful acts of such independent contractor or his servants." *Quinan* v. *Standard Fuel Co.,* 25 *Ga. App.* 47 (102 S. E. 543). Where one is injured while in the employ of an independent contractor, the person for whom the independent contractor is doing the work is not liable, under the workmen's compensation act, as an employer of the employee of the independent contractor. *U. S. Fidelity &c. Co.* v. *Corbett,* 31 *Ga. App.* 7 (119 S. E. 921) ; *Zurich &c. Ins. Co.* v. *Lee,* supra. "When a person lets out work to another to be done by him, such person to furnish the labor, and the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant." Wood's Master & Servant, § 593. The fact that the owner of a building to be constructed furnishes to the contractor the material for the building, or stipulates in the contract that the work of constructing shall be performed by the contractor according to plans and specifications of an architect and to the satisfaction of the owner, does not make the owner liable for an injury resulting proximately and solely from a negligent act of the contractor in the work of construction. *Lampton* v. *Cedartown Cotton Co.,* 6 *Ga. App.* 147 (64 S. E. 495). In *Lee* v. *A., B. & A. R. Co.,* 9 *Ga. App.* 752 (72 S. E. 165), it was held that "The relation of principal and agent ordinarily does not arise between employer and employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer, and in such cases, where torts are committed by the employee, the employer is not liable,

under the provisions of the Civil Code (1910), § 4414." In that case a railroad company contracted with a construction company to build a line of railway for it. The court said: "The railroad company retained no control over the building of the railroad, except to see by its appropriate officers that in the construction of the railroad the contract was complied with; and the mere fact that it stipulated that the road was to be built according to certain plans and specifications, and to the satisfaction of the railroad company's engineer, did not change the relation, as to third persons, or establish any duty between the railroad company and employees of the construction company." Likewise, the Supreme Court in *L. & N. R. Co.* v. *Hughes*, 134 *Ga.* 75 (67 S. E. 542), held that "The employer generally is not responsible for torts committed by his employee, when the latter exercises an independent business and is not subject to the immediate direction and control of the employer;" and that "As a general rule a railroad company is not liable for an injury resulting from a nuisance created by the negligence of an independent contractor in constructing its railroad, where it retains no control over the contractor except to see, by its superintendent, that the railroad is built according to the contract. *Atlanta & Florida R. Co.* v. *Kimberly*, 87 *Ga.* 161 (13 S. E. 277, 27 Am. St. R. 231)." In the *Hughes* case, supra, the contract provided that the equipment, materials and work were to be furnished and done by the contractor according to certain plans and specifications and to the satisfaction of the company's engineer, and according to working plans and specifications furnished the contractor from time to time by such engineer; that the "amount of force employed by the contractors is at all times subject to regulation, and must be increased or diminished as required by the engineer;" that the "work under this contract shall at every stage of its progress—from beginning to end be subject to the direction, inspection, and acceptance of the engineer, who shall determine what in any case is a fair construction of the contract and what such construction requires to be done by either party; and his final measurements and classifications shall be final and conclusive upon both parties;" and that "The engineer shall have power to direct the application of the forces to any portion of the work which, in his judgment, requires it, and to order the increase or diminution of the forces at any point he may indicate, . . the contractors

[shall not] employ any person or persons who commit depredations on the neighborhood, or insult travelers or other persons; and all disorderly persons shall be discharged from employment whenever the contractors shall be directed so to do by the engineer in charge of the work." The court held that these provisions were not such as to make the relation between the parties master and servant, and that by them the railroad company did not retain the right to direct or control the time and manner of executing the work; or interfere and assume control, so as to create such relationship. The decision in the above case was by a full bench and has never been questioned. In *Poss Lumber Co.* v. *Haynie,* 37 *Ga. App.* 60 (139 S. E. 127), it was held that "Where an owner of timber engages another, as independent contractor, to remove timber from the woods, saw it into lumber, for a consideration of so much per thousand feet, according to dimensions and specifications to be furnished from time to time by the owner, and where the owner reserves no control of the business thus to be carried on by the other contracting party, and does not interfere and assume such control, servants employed by the latter for the purpose of executing the contract are not the employees of the owner." "In such a case the owner is entitled to see that the work is performed in accordance with the contract, and to caution both the independent contractor and his employees against waste of the timber, and may exercise these rights as incidents of his contract with the independent contractor. . . Such acts, without more, would not amount to an assumption of control of the work, nor to an interference therewith." That decision was followed in *Clifton* v. *Standard Lumber Co.,* 39 *Ga. App.* 669 (148 S. E. 312).

Applying the above principles to the facts of the instant case, we are of the opinion that, under the provisions of the contract between the Dixie Construction Company and Mixon, Mixon was an independent contractor, that the relation of master and servant was not created between them, and that said company was not liable for compensation on account of an injury received by an employee of Mixon.

The case at bar is distinguishable in its facts from *Ocean Accident & Guarantee Cor.* v. *Hodges,* 34 *Ga. App.* 587 (130 S. E. 214); *Employers Liability Assurance Cor.* v. *Treadwell,* 37 *Ga. App.* 759 (142 S. E. 182); *Davis* v. *Starrett Bros. Inc.,* 39 *Ga.*

·*App.* 422 (147 S. E. 530) ; *Love Lumber Co.* v. *Thigpen,* 42 *Ga. App.* 83 (155 S. E. 77) ; *Home Accident Ins. Co.* v. *Daniels,* 42 *Ga. App.* 648 (157 S. E. 245).

It follows that the court below did not err in affirming the award made by the commission in this case, denying to claimant compensation as against the Dixie Construction Company.

Moreover, the Dixie Construction Company was not liable for compensation on account of the injury to Cooper for another reason. Cooper was injured while being returned from work to his home eighteen miles from the place where he was working, and not on any premises under the control of the Dixie Construction Company. He claimed compensation under section 20 of the workmen's compensation act, asserting that thereunder a principal contractor was liable for compensation to any employee injured while in the employ of any of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer. Section 20 of this act provides in part that "A principal, intermediate or subcontractor shall be liable for compensation to any employee injured while in the employ of his subcontractors and engaged upon the same subject matter of the contract to the same extent as the immediate employer. . . This section shall apply only in cases where the injury occurred on, in or about the premises on which the principal contractor has undertaken to execute work or which are otherwise under his control or management." Acts 1920, pp. 167, 178; Michie's Code 1926, § 3154(20). Claimant being injured in a place other than the premises on which the principal contractor had undertaken to execute the work or which were otherwise under the principal contractor's control or management, he was clearly not entitled to recover under this section, and the industrial commission correctly found against him for this reason.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*