22467. SMALL *v.* NuGRAPE COMPANY OF AMERICA.

DECIDED JANUARY 25, 1933.

*McElreath & Scott, J. Lon Duckworth,* for plaintiff.

*Jones, Evins, Powers & Jones, Gunn & Hardell,* for defendant.

GUERRY, J. The Department of Industrial Relations awarded compensation in favor of claimant R. B. Small against the NuGrape Company of America as employer, and the insurance carrier. For the reason that there is an issue as to whether there was in fact an insurance carrier, the claim as against the NuGrape Company alone will be considered in this opinion. An appeal was taken from the award of the Department of Industrial Relations to the superior court, and the judge of the superior court reversed and set aside said award. On this judgment of the superior court reversing the award of the Department of Industrial Relations the claimant assigns error.

The record discloses that Small filed his claim as an employee of the NuGrape Company of America, alleging his duties to be those of "Manager of the Americus, Georgia, Bottling Plant," and that his injury occurred September 27, 1930. The NuGrape Company contends that Small was not an employee of the NuGrape Company, a corporation, but was an employee of the NuIcy Bottling Company of Americus, Ga., a corporation. The evidence developed by Small showed that he went to the NuGrape Company at their offices in Atlanta, applying for a position with the NuGrape Company. Various discussions were had with them relative to a salesman's place or as manager of their Atlanta plant. Mr. Wood, the treasurer of the NuGrape Company, testified: "I gave my objection [to Small's employment as salesman or as manager of the Atlanta plant]. I told him that I had a plant whereby *we* could employ him at the NuIcy Bottling Company at Americus,

Ga., and I employed him as manager of the NuIcy Company at Americus." In execution of this agreement the NuGrape Company wrote a letter to S. J. Jones, the then manager of the NuIcy plant at Americus, advising him that Mr. Small had been selected to manage the Americus plant, and to turn the same over to Mr. Small. A copy of this letter was sent to Mr. Small as his authority for taking charge. This letter was signed "NuGrape Company of America, R. A. Wood, Supt. of Bottling Plants." Small testified that he did not, while employed at Americus, ever learn that the NuIcy Company was a separate company; that during the entire time of his employment all instructions came to him from the Nu-Grape Company; that a number of times he was furnished cash by the NuGrape Company to pay salaries and operating expenses. The letter relieving him of his duties in July, 1931, was signed "NuGrape Company of America, R. A. Wood, Treas." Several letters were introduced, written to Mrs. Small by the NuGrape Company after his injury, stating that "Mr. Small has done splendid work for *us*." The insurance policy introduced covered the Nu-Grape Company at 354-6 Nelson street, S.W., Atlanta, and elsewhere in Georgia. Mr. Wood, a witness for the NuGrape Company, testified that he was treasurer of said company and was also president of the NuIcy Bottling Company of Americus, Georgia; that Small was manager of the latter company, and was not an employee of the NuGrape Company; that the NuIcy Bottling Company was chartered January 18, 1930; that the NuGrape Company of America owned all the stock and put up all the money; that the NuGrape Company was interested in about twenty corporations; that the NuGrape Company carried compensation insurance, but the NuIcy Bottling Company did not; that neither he nor any other of the officers had invested a single dollar in the NuIcy Company; and that they were employed and paid by the NuGrape Company of America, and never drew a dollar from the NuIcy Company.

The testimony of Small, claimant, and that of Wood for the NuGrape Company being in sharp conflict as to what company did the employing, and the Department of Industrial Relations having determined this conflict in favor of Small, and their finding being conclusive on a question of fact, the superior court is without authority to set aside the same. The award of the department was

amply supported by evidence. "The relation of master and servant is that which arises out of a contract of employment expressed or implied between a master or employer upon one hand, and the servant upon the other hand. He is deemed to be a master who has a superior choice, control, and direction of the servant, and whose will the servant represents not merely in the ultimate results of the work but in the details. A servant has been defined to be a person employed to labor for the pleasure or interest of another." 39 C. J. 33. Applying the above rules to the facts found by the Department of Industrial Relations, the award made by the department was proper. If Small was hired, as he contended, by the NuGrape Company, if he carried on and conducted the business of the NuGrape Company, if he was paid by the direction of the NuGrape Company, and was dismissed by the NuGrape Company, he was an employee of the NuGrape Company. It is immaterial that the NuIcy Bottling Company received the benefit of his work. See, in this connection, *Ga. Ry. & Power Co.* v. *Middlebrooks,* 34 *Ga. App.* 156 (128 S. E. 777); *Postell* v. *Brunswick & Western Railroad Co.,* 112 *Ga.* 602 (37 S. E. 869). This is true despite the fact that "though one corporation may own all the stock in another corporation, the two do not become merged, but remain separate and distinct legal entities." The judge of the superior court erred in reversing and setting aside the award of the Department of Industrial Relations.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*