26952. GRAHAM *v.* CLEVELAND *et al.*

DECIDED NOVEMBER 23, 1938.

*G. Seals Aiken,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird, Marvin G. Russell,* for defendants.

GUERRY, J. Sam Graham, according to his petition, sustained personal injuries by reason of the negligent operation of an automobile belonging to A. R. Cleveland, by Paul Wilson. He seeks compensatory damages against Cleveland, Wilson, and Swann Company Inc. The petition alleges that Swann Company Inc. owned and operated a parking lot for the parking of automobiles for hire, and that it employed the defendant Wilson on said lot in the opera-

tion of said business; that, on the day in question, Cleveland delivered his car to said Paul Wilson across the street from said parking lot for the purpose of parking the same in the parking lot operated by the defendant, Swann Company Inc; and that Wilson was operating said car at the time of the injury to plaintiff "as the agent, servant, chauffeur, and driver of the other defendants herein named, within the scope of his authority and in the business of said other-named defendants, with their knowledge and consent, at their direction and command." The judge sustained certain demurrers to the petition and passed an order requiring the plaintiff to amend his petition in named particulars, in default of which the case should stand dismissed. The plaintiff refused to amend and excepted to the dismissal of his petition.

■ As a general rule, conceding the negligence of the operator of an automobile, the owner thereof, when not riding in the car, is not liable for injuries proximately resulting from such negligence, merely because he is the owner of the vehicle. *Gillespie* v. *Mullally,* 30 *Ga. App.* 118 (117 S. E. 98); *Wooley* v. *Doby,* 19 *Ga. App.* 797 (92 S. E. 295); *Lafitte* v. *Schunamann,* 19 *Ga. App.* 799 (92 S. E. 295); *Lewis* v. *Amorous,* 3 *Ga. App.* 50 (59 S. E. 338); *McIntire* v. *Hartfelder-Garbutt Co.,* 9 *Ga. App.* 327 (71 S. E. 492); *Wilson* v. *Quick Tire Service,* 32 *Ga. App.* 310 (123 S. E. 733); *Reddy-Waldhauer Maffett Co.* v. *Spivey,* 53 *Ga. App.* 117 (185 S. E. 147). Nor, as a general rule, is the owner liable for the negligence of the operator of his automobile merely because he consented, expressly or impliedly, to its operation by such person. *Dougherty* v. *Woodward,* 21 *Ga. App.* 427 (94 S. E. 636); *Eason* v. *Joy Floral Co.,* 34 *Ga. App.* 501 (130 S. E. 352); *Fielder* v. *Davison,* 139 *Ga.* 509 (77 S. E. 618); *Simril* v. *Davis,* 42 *Ga. App.* 277 (155 S. E. 790). Subject to only one exception, which we will hereinafter note, the relationship of master and servant must exist between the owner and the operator of the car in order to render the owner liable for the negligent conduct of such operator. *Rape* v. *Barker,* 25 *Ga. App.* 362 (103 S. E. 171); *Lewis* v. *Amorous,* supra; *Hubert* v. *Harpe,* 181 *Ga.* 168 (182 S. E. 167). In the present case it is alleged that Paul Wilson, the operator of the automobile at the time of the injuries to plaintiff, was the servant of the owner and defendant, A. R. Cleveland, and that in so operating the same he was acting within the scope of his employment.

General allegations of agency are usually deemed sufficient. *Yellow Cab Co.* v. *General Lumber Co.,* 35 *Ga. App.* 620 (1) (134 S. E. 190) and cit.; *Fireman's Fund Insurance Co.* v. *Davis,* 42 *Ga. App.* 49, 56 (155 S. E. 105); *Lewis* v. *Amorous,* supra. However, construing the pleadings most strongly against the plaintiff, these allegations of agency are inconsistent with, and must yield on demurrer to, other specific allegations of the petition.

The petition further alleges that Swann Company Inc., owned and operated a parking lot for automobiles for hire, and that Paul Wilson was employed as its agent and servant in the operation of this business. Thus we have it from the express allegations of the petition that Paul Wilson was in the employ of the defendant, Swann Company Inc. It does not appear from the allegations of the petition that the defendant Cleveland was in any material way connected with Swann Company Inc., or that he had any interest in or control over the operation of its business, except that on the occasion in question, he desired to have his car parked in their parking lot. It is true that a person may be the servant of two or more persons, and that a general servant of one may become, under certain circumstances, the special servant of another in the performance of a particular piece of work *(Brown* v. *Smith & Kelly,* 86 *Ga.* 274, 12 S. E. 411, 22 Am. St. R. 456; *Greenberg & Bond Co.* v. *Yarbrough,* 26 *Ga. App.* 544, 106 S. E. 624; Standard Oil Co. v. Anderson, 212 U. S. 215, 29 Sup Ct. 252), but the allegations of the present petition negative, as a matter of law, the idea that Wilson was the servant of both Swann Company Inc. and Cleveland, or even that he was the special servant of Cleveland in the operation of his car at the time of the injury to the plaintiff. Swann Company Inc. and Cleveland were not joint owners or operators of the parking lot, and had not jointly employed Wilson to engage in a common undertaking. Wilson was actually employed by Swann Company Inc., and according to the allgations of the petition, was, in receiving possession of the automobile from Cleveland, and in the operation of the same for the purpose of placing it in the parking lot, acting within the scope of his employment. This being true, the allegation that he was the servant of Cleveland, and as such acting within the scope of his employment, presents a plain legal non sequitur. The mere fact that a servant is, at the time of an injury, performing work beneficial to a third per-

son, does not render him the servant of such third person and make such third person thereby responsible for his negligent acts. *Postell* v. *Brunswick & Western R. Co.*, 112 *Ga.* 602 (37 S. E. 869); *Henderson* v. *Nolling First Mortgage Cor.*, 184 *Ga.* 724 (3), 740 (193 S. E. 347); *Albert* v. *Hudson*, 49 *Ga. App.* 636 (176 S. E. 659). Therefore, the fact that the operation of the car by Wilson for the purpose of parking it was beneficial to Cleveland, the owner, did not render Wilson his servant.

While it is impossible to lay down any all-inclusive principle, intended as a criterion to determine, in every case, whether the relationship of master and servant exists, it is generally stated that "In actions at common law, to recover damages alleged to have been caused by the servant of the defendant, the criterion by which to determine whether the relation existed as alleged is to ascertain whether, at the time of the injury, the alleged servant was subject to the defendant's orders and control and was liable to be discharged by him for disobedience to orders or for misconduct." *U. S. Fidelity & Guaranty Co.* v. *Stapleton*, 37 *Ga. App.* 707 (141 S. E. 506); *Bibb Mfg. Co.* v. *Souther*, 52 *Ga. App.* 722 (184 S. E. 421). In briefer form, this test was stated by Judge Taft as follows: "The question is one of agency. The result is determined by the answer to the further question, Whose work was the servant doing? and, under whose control was he doing it?" *Byrne* v. *K. C. F. S. & M. R. Co.*, 61 Fed. 605.

Wilson, in operating Cleveland's car for the purpose of placing it in the parking lot, was performing duties imposed upon him by reason of his employment by Swann Company Inc. This follows from the allegation of the petition that he was acting within the scope of his employment as its agent and servant. Presumptively, therefore, he was subject to the orders and control of Swann Company Inc. It is true that Cleveland directed Wilson to operate the car for the purpose of placing it in the parking lot, and that he may have had the right to direct him in its operation to the extent and with the view of protecting the automobile from injury, but these facts do not make Wilson Cleveland's servant, and certainly not the servant of both Swann Company Inc. and Cleveland. The fact that Cleveland directed Wilson to operate the car for the purpose of placing it in the parking lot operated by his employer, was no more, under the allegations of the petition, than directing

him to perform an act which he was supposed to do on behalf of Swann Company Inc., by virtue of his employment, and the further fact that he may have had the right of directing him in its operation to the extent and with the view of protecting it did not constitute Wilson Cleveland's servant. "It is well settled, that, where one person is performing work in which another is beneficially interested, the latter may exercise over the former a certain measure of control for a definite and restricted purpose, without incurring the responsibilities, or acquiring the immunities, of a master, with respect to the person controlled." 1 Labatt's Master and Servant (2 ed.), 77, and cit. We believe it to be self-evident that if I deliver my automobile to the servant of one operating a garage, with instructions to repair it, that the servant in reparing the car does not act as my agent. Again, if I deliver my goods to an agent of an express company with instructions to take them to the depot and ship them to a designated place, that in so doing he does not act as my servant, so as to make me responsible for his negligent handling thereof.

In Driscoll v. Towle, 181 Mass. 416 (63 N. E. 922), the learned Chief Justice Holmes, laid down the general principle that "the mere fact that, a servant is sent to do work pointed out to him by a person who has made a bargain with his master does not make him that person's servant." A man whose ordinary duty it is to operate an elevator as a servant of the owner of a building will not be considered the special servant of a contractor having permission to use it, merely because he is required to comply with the directions of the contractor's servants in respect to the movements of the elevator. Diehl v. Robinson, 72 App. Div. 19 (76 N. Y. S. 252). See also Henry v. Stanley Hod Elevator Co., 129 App Div. 613 (114 N. Y. S. 38); Little v. Hackett, 116 U. S. 366 (6 Sup. Ct. 391, 29 L. ed. 652).

If Wilson had placed himself under the direction and control of Cleveland, he stepped aside from his employment with Swann Company Inc., and if he remained the servant of Swann Company Inc., as alleged, subject to its direction and control, he could not be the servant of Cleveland. There could be no joint liability of Swann Company Inc. and Cleveland under the doctrine of respondeat superior. Swann Company Inc. was a bailee of the automobile and as such an independent contractor. An employer is not as a general rule responsible for the negligence of the servants of

an independent contractor. *Brunswick Grocery Co.* v. *Brunswick and Western R. Co.,* 106 *Ga.* 270 (2) (32 S. E. 92, 71 Am. St. R. 249) ; *Lee* v. *A. B. & C. R. Co.,* 9 *Ga. App.* 752 (72 S. E. 165) ; *Butler* v. *Lewman & Co.,* 115 *Ga.* 752 (42 S. E. 98) ; *Parker* v. *Waycross & F. R. Co.,* 81 *Ga.* 387 (8 S. E. 871) ; *Fulton County St. R. Co.* v. *McConnell,* 87 *Ga.* 756 (13 S. E. 828) ; *Hughes* v. *Weekley Elevator Co.,* 37 *Ga. App.* 130 (138 S. E. 633) ; *Lovelace* v. *Ivey,* 41 *Ga. App.* 204 (152 S. E. 266). The present case falls within none of the exceptions to this rule. See *Louisville & N. R. Co.* v. *Hughes,* 134 *Ga.* 75 (67 S. E. 542) ; *Massee & Felton Lumber Co.* v. *Macon Cooperage Co.,* 44 *Ga. App.* 590 (162 S. E. 396).

2. "Aside from the relation of master and servant, the owner of an automobile may be rendered liable for injuries inflicted by its operation by one whom he has permitted to drive the same on the ground that such person, by reason of his age or want of experience, or his physical or mental condition, or his known habit of recklessness, is incompetent to safely operate the machine." Berry on Automobiles (4 ed.), 1022, § 1144; *NuGrape Bottling Co.* v. *Knott,* 47 *Ga. App.* 539 (171 S. E. 151) ; *Crisp* v. *Wright,* 56 *Ga. App.* 338 (192 S. E. 390). This rule constitutes the exception to the general rule of liability of the owner of an automobile which we have heretofore alluded to. The petition charges that the defendant Cleveland was negligent in that he "knew or could have known" that Paul Wilson was a reckless and incompetent driver, but nevertheless directed him to operate his automobile. It is further alleged in this same connection that Swann Company Inc. was negligent in that it "knew or could have known" that Paul Wilson, its servant and agent was an incompetent and reckless driver, and nevertheless permitted him to operate the cars of Cleveland and its other customers. The petition does not contain facts from which it may legitimately be inferred that the defendant Cleveland should have known of the incompetency of Wilson as a driver. The allegation that he "knew or could have known" is therefore equivocal, "and will be construed as asserting merely the conclusion of the pleader that the defendant had constructive knowledge." *Pacetti* v. *Central of Ga. Ry. Co.,* 6 *Ga. App.* 97 (64 S. E. 302) ; *Henderson* v. *Nolting First Mortgage Cor.,* supra; *Flynn* v. *Inman,* 49 *Ga. App.* 186 (174 S. E. 551) ; *Koch Co.* v. *Adair,* 49 *Ga. App.* 824 (2) (176 S. E. 680) ; *Western & Atlantic R. Co.* v. *Michael,* 175 *Ga.*

1, 10 (165 S. E. 37); *Kinnebrew* v. *Ocean Steamship Co., 47 Ga. App.* 704, 706 (171 S. E. 385). The petition sets up no facts showing any duty of Cleveland to know of the competency of Wilson. On the contrary, Wilson being the servant of Swann Company Inc., an independent contractor, he was authorized to assume, and to act on that assumption, that Swann Company Inc. had exercised ordinary care in the selection of competent servants. See *Norris* v. *Macon Terminal Co.,* 58 *Ga. App.* 313 (198 S. E. 272); 45 C. J. 705. The above allegations of the petition therefore set out no joint cause of action against the defendants.

Under the above authorities, we find no error in the action of the judge in requiring the plaintiff, upon demurrer, to amend his petition "by dismissing the case either as to A. R. Cleveland or as to the other named defendant [Swann Company Inc.], in which event the specific grounds of alleged agency should be made to appear."

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*