In the Matter of the Claim of CAROLINE KENDER against EMIL REINEKING et al., Appellants.

THE STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — workman killed while doing non-hazardous work for his employer under contract and in time outside of his regular employment — when award cannot be made by industrial commission.**

Where the owner of tenement houses, himself, attended to the painting, papering and repairing of the houses and the collection of the rents, having no other occupation, he was engaged in the " maintenance and care of buildings for pecuniary gain;" he was an " employer " whose employment was hazardous within the meaning of the statute (Workmen's Compensation Law [Cons. Laws, ch. 67], § 2, group 42; § 3, subds. 1, 3, 5), and a workman employed by him to assist in such work was engaged in a hazardous occupation during the hours for which he was employed for and in such work, but when he undertook, under a separate contract with his employer and in times in which he was not employed and paid for his regular work, to do work for him which was not hazardous within the meaning of the statute, his legal representatives are not entitled to an award because he was killed by an accident while doing such work.

Matter of Kender v. Reineking, 188 App. Div. 984, reversed.

(Argued January 6, 1920; decided March 9, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 9, 1919, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*John N. Carlisle* and *Alfred W. Andrews* for appellants. As the time of the accident the deceased was not engaged in any occupation enumerated under section 2 of the Workmen's Compensation Act, defined as hazardous employments. (*Wincheski* v. *Morris*, 179 App. Div. 600.) At the time of the accident deceased was not engaged in

doing any work incidental to a hazardous employment. (*Glatzl* v. *Stumpp*, 220 N. Y. 71; *Newman* v. *Newman*, 218 N. Y. 325; *Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410; *Saenger* v. *Locke*, 220 N. Y., 556; *Wincheski* v. *Morris*, 179 App. Div. 600; *Balk* v. *Queen City Dairy Co.*, 184 App. Div. 631; *Casterline* v. *Gillen*, 182 App. Div. 105.) The employee in this case at the time he was injured was not engaged in a business carried on for pecuniary gain. (*Bargey* v. *Massaro Macaroni Co.*, 218 N. Y. 410; *Solomon* v. *Bonis*, 181 App. Div. 672; *Geller* v. *Republic Novelty Works*, 180 App. Div. 762; *Coleman* v. *Bartholomew*, 175 App. Div. 122.)   The accident did not arise out of or in the course of the regular employment in which the deceased was engaged.   (*Saenger* v. *Locke*, 220 N. Y. 556; *De Fillipis* v. *Falkenberg*, 170 App. Div. 153; 219 N. Y. 581; *Daley* v. *Bates & Roberts*, 224 N. Y. 126; *Di Salvio* v. *Menihan Co.*, 225 N. Y. 124; *Newman* v. *Newman*, 218 N. Y. 325; *Gifford* v. *Patterson*, 220 N. Y. 4.)   The deceased at the time of the accident was an independent contractor and not an employee.   (*Rhinewald* v. *Builders' B. & S. Co.*, 223 N. Y. 572; *Litts* v. *Risley Lumber Co.*, 224 N. Y. 321; *Tsangournos* v. *Smith*, 183 App. Div. 751.)

*Charles D. Newton, Attorney-General* (*E. C. Aiken* of counsel), for respondent.   The employer was engaged in a hazardous employment.   (*Hogan* v. *Edward Engineering Co.*, 226 N. Y. 564; *Mulford* v. *Pettit & Sons*, 220 N. Y. 220; *Glatzl* v. *Stumpff*, 220 N. Y. 71.)

COLLIN, J.   The state industrial commission decided that John Kender, the husband of the claimant, died from injuries received as an employee of Emil Reineking while in the course of his employment, under conditions making the Workmen's Compensation Law (Cons. Laws, chapter 67) applicable.   They, therefore, made an award of compensation to the claimant, which the Appellate

16

Division affirmed by a decision not unanimous. The evidence, however, is not conflicting. It establishes the fatal injuries of Kender in the course of his employment by Reineking. We are to determine whether or not it tends to sustain the finding that the employment was, within the definitions and intendment of the Compensation Law, hazardous.

Kender was killed about midnight of September 8, 1918, by the dropping upon him of the rear part of a Chalmers automobile, owned by Reineking, while he was lying under and repairing it. Reineking, residing in the borough of Brooklyn, owned a number of tenement houses, some of which were near his home, others about ten miles from it and others still more distant. He attended to the general repairing, painting, papering and decorating of them and the collection of the rents. He had no other occupation. In February, 1918, he employed Kender to do from time to time as required, under his direction, repairing, painting, papering and decorating of them, to care for the automobiles and the residence property of Reineking and to drive the Packard automobile, used principally for family purposes, during his regular working hours as ordered. Under this employment Kender worked six days and received wages of eighteen dollars each week. Reineking used the Chalmers automobile, himself driving it, for his individual purposes, whether of business or pleasure. With it, among other uses, he went to and from his tenements, for the purposes of giving them attention, collecting the rents, transporting materials for use in or about them and Kender and his tools when necessary. Kender when with him occasionally drove it. Three or four days before the night of the · accident it, while being driven, ceased to operate; the gears in the differential were broken. It was forthwith hauled to the garage of Reineking. It was not within the employment, as stated, of Kender to repair breakdowns of the character of that in question to the automobile. After

the lapse of three or four days Reineking asked Kender if he would repair the automobile for him and he said he would. Reineking asked him how much he would want for it and he said five dollars. Reineking told him to get at it the next morning, Sunday morning. He in fact went at it during Saturday night and in that work, about midnight, received the injuries causing his death.

The Workmen's Compensation Law provides compensation for injuries sustained or death incurred by employees engaged in the hazardous employments defined, specified and divided by it into groups. "Hazardous employment," as used in it, "means a work or occupation described" in one of those groups. (Section 3, subd. 1.) Group forty-two specifies the employment, among others, of "maintenance and care of buildings." "Employment," as used in it, is defined as including "employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith, except   *   *   *." (Section 3, subd. 5.) "Employer" includes a person who employs workmen in a hazardous employment. (Section 3, subd. 3.) Because Reineking was engaged in the maintenance and care of buildings for pecuniary gain his employment was hazardous. (*Matter of Mulford* v. *Pettit & Sons*, 220 N. Y. 540.) The fact that he owned the buildings does not affect the enactment. It may be that the maintenance or care can be so limited in the number or character of the buildings or in being incidental or collateral to another employment that it would not constitute "a trade, business or occupation carried on by the employer for pecuniary gain." (See *Matter of Uhl* v. *Hartwood Club*, 221 N. Y. 588.) It is not so limited here. Reineking was an employer because he employed workmen in that hazardous employment. In it he employed Kender. But Kender was not in or under that employment at the time he received his injuries. He was hired, at work and employed in virtue of a contract made on Saturday, September 8,

1918, to repair the broken gears or machinery of the differential. His general employment became broken or interrupted at the close of the work of that day. Saturday night and henceforth until Monday morning was a hiatus in it. Isolated, unconnected with and unrelated to it was the employment or job of repairing the automobile. He was employed precisely as he would have been had he as a mechanic foreign to the employment of Reineking been hired to come to the garage and make the repairs. The fact that Kender worked at times under the general employment of Reineking in maintaining and caring for the tenements must be dropped from consideration. The repairing of the automobile was not a hazardous employment as that term is defined and used in the statute, neither was Reineking carrying on the business or occupation of repairing automobiles for pecuniary gain or otherwise. It is true that Reineking's occupation of maintaining and caring for his tenements constituted a statutory hazardous employment. In it the automobile was used. The automobile could not be used unless it was repaired. Those facts did not, however, constitute the employment of repairing it an employment "in connection" with the maintenance and care of the buildings.

The order should be reversed and the award of the state industrial commission reversed and claim dismissed, with costs against the industrial commission in this court and the Appellate Division.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.