GEORGE OLSEN'S CASE.

Suffolk.    March 3, 4, 1925. — April 16, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Workmen's Compensation Act*, To whom act applies.

An employee of a corporation, employing "Truckmen, . . . drivers, chauffeurs . . . stablemen, garagemen, blacksmiths, repairmen and riggers" in operating "Barges, Scows, . . . Lighters, . . . and Stevedoring," is not in the usual course of the trade or business of his employer while engaged in painting the house of its president, and, if injured while so doing, is not entitled to compensation under the workmen's compensation act as an employee of the corporation. Distinguishing *Howard's Case*, 218 Mass. 404.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to an employee of T. E. Reed Company for injuries received while the claimant was painting the house of his employer's president.

In the Superior Court, the case was heard by *Hammond, J.* The record disclosed that, among findings by the single member of the board which were confirmed by the full board, were findings "that the business of the T. E. Reed Company and the personal business of Thomas E. Reed were in fact conducted as one business; that the payroll of all of the men who worked on the buildings owned by Thomas E. Reed and used by the company and that of the employee, who was engaged in painting his house, was included in the wage schedule upon which insurance premiums were collected; that the T. E. Reed Company made the business of painting Thomas E. Reed's house in substance and effect a part of its business; that the employee was not in fact loaned into the service of another by the T. E. Reed Company; that the employee did not assent to a transfer of employment, had no reason to think that there was any change in his employment or in the business in which he was engaged; and therefore,

under all the facts and circumstances in this case his injury arose out of and in the course of his employment."

Other material findings are described in the opinion. By order of the judge, a decree was entered for the employee. The insurer appealed.

*G. Gleason*, for the insurer.

*C. W. Wonson*, for the employee.

CARROLL, J. The employee was hired September 11, 1923, to repair lighters, by the T. E. Reed Company, a corporation engaged in the business of stevedoring, teaming, lightering, and operating barges. From September 11 to September 20, he worked about the premises of the company. From September 20, 1923, to October 8, 1923, he worked most of the time painting the residence of T. E. Reed on Plum Street, Gloucester. On October 8 the employee received an injury while so employed. He was awarded compensation. The question in the case is, Was the employment of the injured workman, when painting the house of T. E. Reed, in the usual course of the trade or business of the T. E. Reed Company?

The definition of an employee under the workman's compensation act, G. L. c. 152, § 1, cl. 4, includes every person in the service of another, under any contract of hire, express or implied, "except one whose employment is not in the usual course of the trade, business, profession or occupation of his employer." An employee may be in the employment of the insured; but he is not an employee who is entitled to compensation under the statute if, at the time of his injury, he is not engaged in the usual trade, business or occupation of the employer. The house which the employee was painting when injured was not the property of the T. E. Reed Company, and none of the company's business was done there. It was the property and residence of T. E. Reed, the president and general manager of the company. The T. E. Reed Company was not engaged in the business of painting houses. Its employees enumerated in the policy of insurance, included "Truckmen, . . . drivers, chauffeurs . . . stablemen, garagemen, blacksmiths, repairmen and riggers"; and under operation were classified "Barges,

Scows, . . . Lighters, . . . and Stevedoring." There is nothing in the evidence to show that the painting of this house belonging to its president was a part of its regular business. Even if it were shown that the work was assumed as a part of the company's business, there is nothing to support the finding that it was done in the usual course of such business, as required by the statute. The employee cannot recover unless, at the time of the injury he was engaged in the usual and ordinary business of the T. E. Reed Company, as distinguished from occasional and incidental work. The evidence fails to show that he was so employed, and for this reason he cannot recover. *Rennie* v. *Reid*, 1 B. W. C. C. 324. *State* v. *District Court of Douglas County*, 138 Minn. 103. *Kaplan* v. *Gaskill*, 108 Neb. 455. *La Grande Laundry Co.* v. *Pillsbury*, 173 Cal. 777. See *Pallotta's Case*, 251 Mass. 153.

The facts in *Howard's Case*, 218 Mass. 404, differ from the facts in the case before us. Howard was employed by the Edison Electric Illuminating Company as a tree trimmer. He was directed by the foreman to trim a tree. The wires of the Edison company did not run through this tree, and the company had no interest in having it trimmed. Trimming trees, however, was a part of the regular and usual business of the employer, although it was not concerned with the particular tree on which Howard was at work when he was injured. *Howard's Case* is not decisive of the case at bar.

The decree must be reversed and a decree entered for the insurer.

*So ordered.*