### 16647. ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE CO. *v.* ELLINGTON *et al.*

Under the evidence the injury received in replacing the belts at the ginnery, from which they had been borrowed for use in the sawmill of the lumber company, arose "out of and in the course of" the injured person's employment with that company, and were covered by compensation insurance carried on the operations of the company in the conduct of its sawmill.

The court did not err in affirming the judgment and award of the industrial commission.

DECIDED NOVEMBER 10, 1925.

Appeal; from Wilkinson superior court—Judge Park. May 30, 1925.

*Brock, Sparks & Russell,* for plaintiff in error.
*George H. Carswell, J. Fleming Bloodworth,* contra.

BROYLES, C. J. This was a claim arising under the workmen's compensation act (Ga. L. 1920, p. 167). The only question to be decided by this court (as conceded by counsel for both parties) is as to whether or not the injury to Ellington (the employee in question) arose "in the course of," and "out of," his employment with the Daughtry-Calton Lumber Company. As regards this issue the facts (as found by the member of the industrial commission hearing the claim, and as sustained by the full commission) were briefly as follows.

At the time of his injury Ellington was an employee of the Daughtry-Calton Lumber Company, at Allentown, Ga. The lumber company was owned and operated by Mr. Daughtry, who also owned and operated a ginnery near by. The operations of the lumber company were covered by compensation insurance, while the operations of the gin, as it had less than ten operatives, were not so covered. It was the custom for the lumber company to borrow belts from the gin, used in operating the lumber company, and to return them to the gin and replace them upon it. Ellington

was employed by the lumber company, and had never worked for the ginnery. He was carried on the payroll of the lumber company, and was protected by the compensation insurance thereon, the insurance being upon a sawmill and a planing mill operated by the lumber company. Two belts had been borrowed from the gin for the sawmill, and Ellington was instructed by his employer to return them to the gin. He took them to the gin, and, while attempting to replace them, his fingers were caught in the belts and the injury was inflicted. Mr. Daughtry testified that he instructed Ellington to take the belts back to the gin to get it in shape for the ginning season. Ellington testified that there was nothing to do to get it in shape for the ginning season except to put the belts back where they had been taken from. When belts were borrowed by the lumber company from the gin it was the distinct understanding that they should be replaced by the lumber company exactly where they had been taken from the gin.

In our opinion the above-stated evidence clearly shows that Ellington's injury arose "out of," and "in the course of," his employment with the lumber company, and the judge of the superior court did not err in affirming the judgment and award of the industrial commission. See, in this connection, *New Amsterdam Casualty Company* v. *Sumrell*, 30 *Ga. App.* 682 (90 S. E. 480).

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., disqualified.*