17680.   HARTFORD ACCIDENT AND INDEMNITY
COMPANY *v.* HALL, administrator.

The award of the industrial commission was authorized, under the law and the evidence, except that it was erroneously· directed against the insurance carrier only. It should have been directed against both the employer and the insurance carrier. The judgment is affirmed, with direction that the award be amended to meet this ruling.

DECIDED MARCH 8, 1927.

Workmen's Compensation Acts,—C. J. p. 116, n. 52 New; p. 124, n. 63, 66 New.

Appeal; from Fulton superior court—Judge Howard. September 15, 1926.

P. J. Stoddard, T. E. Drake, Fred Stinchcomb, A. F. Burbage, for plaintiff in error.

H. A. Allen, Culpepper & Murphy, contra.

BROYLES, C. J. This was a claim arising under the workmen's compensation act (Ga. L. 1920, p. 167). Only three questions are presented for the determination of this court: 1. Did the policy issued by the insurance carrier cover the injury to the employee in question which caused his death? 2. Was illegal and prejudicial evidence admitted on the hearing before the industrial commission?· 3. Was the award of the industrial commission invalid because it was directed against the insurance carrier only instead of against the employer and the carrier?

1. As to the first question, the undisputed evidence showed the following facts: The insurance carrier issued to J. W. Maddox and H. M. Maddox a policy covering their employees under the following classification: "Grading land, excluding canal or cellar excavations, quarrying and street or road construction." The Maddox firm was in the grading business. It cut down trees on lands that it was grading, and, after they were cut down, hauled them to a sawmill owned and operated by the firm, where the trees were sawn into lumber and made into wagon-beds and "dump" bodies to be used by the firm in its grading business. The sawmill was used for no other purpose, and was operated only on rainy days and at times when it was impossible to do grading work. No special hands were employed for the sawmill, but it was operated entirely by the grading crews. The injured employee was a common laborer and was one of the grading gang, but when injured was working, by direction of his employer, at the sawmill. The commissioner hearing the claim found that under the above-stated facts the sawmill was incidental to and a part of the grading business of the Maddox firm, and that the injury to this employee was covered by the policy issued by the insurance carrier. That finding was subsequently approved by the full commission and by the superior court, and is now affirmed by this court. See, in this connection, Zurich General Accident &c. Co. v. Ellington, 34 Ga. App. 490 (130 S. E. 220).

2. Conceding, but not deciding, that the admission in evidence,

over the objections of the plaintiff in error, of a former policy of insurance (which had expired and which was issued by another insurance company), covering the employees of the Maddox firm, was error, the error, under the facts of the case, was harmless, and does not require another hearing of the case.

3. The award should have been directed against both the employer and the insurance carrier instead of against the insurance carrier only, but this error is one of form and not of substance. The claim was properly brought against both the employer and the insurance carrier, and both defendants were served and were represented by counsel in the hearing before the commissioner and on the appeal to the full commission. The inadvertent direction of the award against the insurance carrier only does not render the award invalid, and this technical error does not require a reversal of the judgment below and a retrial of the case.

It is hereby directed by this court, under the authority vested in it, that the award be amended and be directed against both the employer and the insurance carrier. The carrier will not be heard to complain of this direction, and the interests of the employer are not injuriously affected thereby, since under the provisions of the compensation act the insurance carrier is liable for any award found against the employer, provided, of course, that the award, if excepted to, be approved by the courts.

*Judgment affirmed, with direction. Luke and Bloodworth, JJ., concur.*