In the Matter of the Claim of MABEL KRETCHMER et al., Respondents, against MONROE UNION OIL COMPANY, INC.; GUARDIAN CASUALTY COMPANY, Respondent, and LONDON GUARANTEE & ACCIDENT COMPANY, LTD., Appellant.

THE STATE INDUSTRIAL BOARD, Respondent.

In the Matter of the Claim of ELLA ROWITZ et al., Respondents, against MONROE UNION OIL COMPANY, INC.; GUARDIAN CASUALTY COMPANY, Respondent, and LONDON GUARANTEE & ACCIDENT COMPANY, LTD., Appellant.

THE STATE INDUSTRIAL BOARD, Respondent.

(Argued October 10, 1932; decided November 22, 1932.)

*Charles J. O'Brien* and *Eugene Raines* for appellant. The assignment of interest in the appellant's policy transferred no greater coverage than existed at the time of such assignment. (*Hanna* v. *Florence Iron Co.*, 222 N. Y. 290; *Sanders* v. *Soutter*, 136 N. Y. 97; *Arents* v. *Long Island R. R. Co.*, 36 App. Div. 379; 171 N. Y. 663; *Klingbeil* v. *Public Bank*, 71 Misc. Rep. 408.) The liability of the carrier is limited by the coverage expressed in the policy and that coverage is limited to the specified locations agreed in the policy to be covered. (*Neubeck* v. *Doscher*, 204 App. Div. 617; *Matter of Pettit* v. *Regis*, 242 N. Y. 272; *Simpkins* v. *Steffen*, 255 N. Y. 65; *Levine* v. *East New York Electric Corp.*, 210 App. Div. 730; *Astrin* v. *East New York Woodworking Mfg. Co.*, 210 App. Div. 720; *Gans* v. *Ætna Life Ins. Co.*, 214 N. Y. 326.)

*Harlan W. Rippey* and *Milton L. Baier* for Guardian Casualty Company, respondent. The assignment of the appellant's policy with the written consent of appellant has the effect of extending general coverage to the newly-organized company. The question whether the appellant's policy covered the business operations of the employer including those in which the deceaseds were engaged was a question of fact, the findings of the Industrial Board thereon are amply supported by evidence and as such were properly regarded as conclusive and binding upon the Appellate Division. (*Jaabeck* v. *Crane's Sons Co.*, 238 N. Y. 314; *Skoozlois* v. *Vinocour*, 221 N. Y. 276.)

KELLOGG, J. These are claims for death benefits arising out of the deaths of William R. Kretchmer and Henry Rowitz, who were killed, while engaged in work for their employer, Monroe Union Oil Company, Inc., through an accident concededly arising out of and in the course of their employment. The awards made run against two insurers, the Guardian Casualty Company, Inc., and the London Guarantee & Accident Company, Ltd. The only question presented is whether the policy of the latter company covered the risks.

Monroe Union Oil Company, Inc., the employer, did an extensive business, in selling oil and gasoline, at 22 Wright street in Rochester, N. Y. On the day of the accident it held a policy in the Guardian Casualty Company, indemnifying it against loss by reason of any liability imposed upon it by law for injuries which might be sustained by its employees. The policy provided: "This agreement shall apply to such injuries so sustained by reason of the business operations described in said Declarations which, for the purpose of this insurance, shall include all operations necessary, incident or appurtenant thereto, or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations, or elsewhere in connection with, or in relation to, such work places." The Declarations contained this: "Locations of all factories, shops, yards, buildings, premises or other work places of this employer, by town or city, with street and number. 22 Wright St. and 19 Spring St., Rochester, N. Y., and Buell Ave., Town of Gates." Concededly, this policy covered the losses in question, for Kretchmer and Rowitz met their deaths while engaged in operations conducted in connection with the declared work place at 22 Wright street, Rochester, N. Y.

Prior to the accident, another oil company, known as Union Oil Works, did an extensive business in the sale of oil and gasoline in the city of Rochester, N. Y., having its principal work place at 171 East avenue in that city.

This company had a policy in the London Guarantee
and Accident Company, Ltd., the appellant, insuring
it against loss through liability for injuries to workmen
imposed by the Workmen's Compensation Law (Cons.
Laws, ch. 67). The policy provided that its coverage would
include all injuries received through operations conducted
at the work places specified in the Declarations, or in con-
nection therewith. The work places specified were those
located at 171 East avenue, Rochester, N. Y.

On April 9, 1929, about one month before the accident,
the Monroe Union Oil Company, Inc., purchased all
the places of business and assets of the Union Oil Works.
The latter company then assigned to the former all its
interest in the policy held by it in the London Guarantee
and Accident Company, Ltd., the appellant. The assign-
ment read as follows: " For value received the interest of
Union Oil Works in policy No. U. S. 136000 is hereby
assigned as of 12:01 A. M. of the 10th day of April, 1929,
to Monroe-Union Oil Co., Inc., of 22 Wright Street,
Rochester, New York, subject to the consent of the
London Guarantee & Accident Co., Ltd., of London,
England." The consent obtained was in the following
terms: " The London Guarantee & Accident Co., Ltd.,
hereby consents that the interest of Union Oil Works in
the said policy No. U. S. 136000 be assigned as of 12:01
A. M. of the date of the assignment to Monroe-Union Oil
Co., Inc., subject to the terms and conditions of the
said policy."

Self-evidently, a policy which indemnifies against loss
through operations conducted at 171 East avenue,
Rochester, N. Y., or in connection therewith, does not
insure against loss through operations conducted at
22 Wright street, Rochester, N. Y., or in connection
therewith. To create such coverage the terms of the
policy must have been modified by agreement between
insurer and insured. Certainly, such an agreement is
not found where the insured merely assigns its interest
in the policy, and the insurer does nought else than to
consent thereto. Especially must this be true, where, as

here, the insurer's consent is expressly made "subject to the terms and conditions of the said policy." The terms of the policy in question remained identically the same after the assignment as before. As they did not previously provide coverage for injuries received through operations at 22 Wright street, or in connection therewith, they did not subsequently so provide; therefore, they did not cover the accidental injuries and deaths for which these awards were made.

The orders of the Appellate Division and the awards of the State Industrial Board should be modified by dismissing the claim against the London Guarantee and Accident Company, Ltd., and providing for an award against the Guardian Casualty Company, Inc., for the total death benefits recoverable, and as so modified affirmed, with costs in all the courts in favor of the former against the latter.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; CROUCH, J., dissents.

Ordered accordingly.