DALLAS C. BURNETT, EMPLOYEE, v. PALMER-LIPE PAINT COMPANY, EMPLOYER, AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER.

(Filed 27 September, 1939.)

**1. Master and Servant § 45b—**

Conversations between insured and insurer's auditor as to the coverage of the policy cannot vary the terms of the compensation insurance policy theretofore executed and delivered to, and accepted by insured.

**2. Master and Servant § 39d—Employee held not covered while performing duties at employer's residence unconnected with duties at place of business.**

Defendant employer was sole owner of a retail paint store doing business in a definite location and employing more than five employees. Plaintiff employee's duties were to drive the delivery truck and do the janitorial work at the store, and he was also required to do janitorial work at his employer's residence, mow the lawn, and work in her garden, plaintiff being paid for all work through the store. Plaintiff was injured while mowing the lawn at his employer's residence during his regular hours of employment. *Held:* The injury did not arise out of and in the course of his duties connected with the employment covered by the Compensation Act, and the award of the Industrial Commission in his favor should have been reversed by the Superior Court.

**3. Same—**

The North Carolina Workmen's Compensation Act excludes persons whose employment is casual and not in the course of the trade, business, profession or occupation of the employer, sec. 8081 (a), (b), and specifically excepts from its provisions casual employees, farm laborers and domestic servants.

**4. Master and Servant § 45b—**

When a compensation insurance policy provides coverage solely in connection with the employer's business having a definite location, the policy does not cover injury to an employee sustained while mowing the lawn at the employer's residence.

APPEAL by defendant Insurance Company from *Pless, J.*, at June Term, 1939, of BUNCOMBE. Reversed.

This was a proceeding under the Workmen's Compensation Act. From an award by the Industrial Commission in favor of plaintiff, defendant insurance carrier appealed to the Superior Court. In the Superior Court, the defendant employer moved to dismiss the appeal. Motion denied. Judgment was then entered affirming the award of the Industrial Commission, and defendant insurance carrier appealed to the Supreme Court. The employer did not appeal.

*Carl W. Greene and Jordan & Horner for plaintiff, appellee.*
*Smathers & Meekins for defendant, appellant.*

DEVIN, J. The plaintiff Burnett was employed by Mrs. D. K. Lipe. She was engaged in business under the name and style of Palmer-Lipe Paint Company, of which she was, and is, sole owner. The business carried on was that of retail store at 82 Patton Avenue in the city of Asheville, together with painting, decorating and shop operations in connection with the store. It was admitted that more than five persons were employed in the business at that location.

The plaintiff received an injury while engaged in mowing the lawn at the private residence of Mrs. Lipe, located on Hendersonville Road, several miles from 82 Patton Avenue. He testified relative to his injury as follows: "I was injured August 13th, and I had a job working for Mrs. D. K. Lipe, mowing her front yard, running a lawn mower. The lawn mower picked up a piece of glass or steel one and threw it up and cut me in the eye. When I was employed by the Palmer-Lipe Paint Company my duties were to clean up after all the painters, mow Mrs. Lipe's lawn, fire the furnace and clean up around the house out there when I wasn't busy at the Paint Store. It was part of my duty for the wage of $15.00 per week to look after the lawn out there."

Mrs. Lipe testified as follows: "When Mr. Burnett was employed by the Palmer-Lipe Paint Company his duties were to do the delivery, do the general work at the store, do the janitor work at my home, as far as getting in kindling and making the fire, washing the floors and cutting the lawn, working the garden when I needed him, also take any of the jobs any of my contractors might do, haul in all the rubbish around the house and in the basements, clean that up and bring it in to the incin-

erator when the job was completed. That includes washing the windows at the store, doing the floor work and janitor work at the store."

The North Carolina Industrial Commission found the facts as to the character of plaintiff's employment as follows: "That the plaintiff was employed by the Palmer-Lipe Paint Company, an unincorporated firm, to drive the delivery truck, do the janitorial work at the store, and do the general janitorial work at the home of the sole owner of the Palmer-Lipe Paint Company, Mrs. Lipe, such as mowing the lawn, firing the furnace, cleaning the floors, and so on."

The Industrial Commission considered that, as the contract of employment between Mrs. Lipe and the plaintiff provided for the performance of certain duties at the home of Mrs. Lipe, as well as at the store, for which he was paid through the store, and the injury occurred during regular work hours, the injury arose out of and in course of plaintiff's employment.

Mrs. Lipe obtained a policy of employer's liability insurance from the defendant American Mutual Liability Insurance Company which obtained, among other things, the following provision: "3. Locations of all factories, shops, yards, buildings, premises, or other work places of this Employer—82 Patton Avenue, Asheville, Buncombe County, North Carolina."

The classification of operations is stated in the following words: "Store risks—retail—N. O. C. (No other classification.) Painting, decorating or paper hanging—N. O. C.—including shop operations; drivers, chauffeurs and their helpers . . . 5. This employer is conducting no other business operations at this or any other location not herein disclosed—No exceptions."

Some reference was made in the testimony and in the findings of the Industrial Commission as to a conversation between Mrs. Lipe and an auditor of the defendant Insurance Company, who was checking the employer's pay rolls, relative to coverage, but this may not be held to vary the terms of the policy of insurance executed by the defendant Insurance Company and delivered to and accepted by the employer.

The North Carolina Workmen's Compensation Act defines employment coming within the provisions of the act as including "all private employment in which five or more employees are regularly employed in the same business or establishment, except agriculture and domestic service," and excludes from its provisions "persons whose employment is both casual and not in the course of the trade, business, profession or occupation of his employer." Sec. 8081 (i), (a), (b), Michie's Code. The act further provides that insurance policies issued thereunder shall contain clause that "jurisdiction of the insured for the purpose of this article shall be jurisdiction of the insurer, that the insurer shall in all

things be bound by and subject to the awards, judgments or decrees rendered against insured employer." The act also specifically excepts from its provisions casual employees, farm laborers and domestic servants. Sec. 8081 (u), (b), Michie's Code. In *Johnson v. Hosiery Co.,* 199 N. C., 38, 153 S. E., 591, this Court interpreted the meaning of these phrases as used in the statute.

There was reference in the testimony of the employer in the hearing before the Industrial Commission to the effect that she had also a contracting or construction business, separate and apart from the paint store, for which she did not carry insurance.

The record presents these material facts upon which appellant's liability depends: The plaintiff was employed by the operator of a paint store doing business at a definite location in Asheville, where more than five persons were there employed. The employer owned a private residence in another part of the city which had no connection with the business carried on at the store, except that both were owned by her. The plaintiff, in addition to the services rendered at the store, was also, for the same wage, required by his employer, from time to time, to perform certain other services at her home, such as firing the furnace, washing the floors, working the garden and mowing the lawn. No other person was employed in that work. It was while engaged in mowing the lawn that the injury complained of was received. Upon the record presented we are of opinion, and so hold, that the injury does not come within the provisions of the act, that the Industrial Commission was without power to make the award against appellant, the insurance carrier, and that the Superior Court was in error in affirming the award. It is clear, we think, if the employer had been a corporation or partnership, of which Mrs. Lipe was an executive, an injury to an employee of the company while engaged in private and personal work for her, having no relation in character or location to the business of the company, would not have been compensable by the company or its insurance carrier under the act. And we think the same reasoning would apply when the same person operates a business or industry, and also has personal service rendered in and around a private residence at another location.

The terms of the insurance policy definitely exclude liability for injury received at the location and in the manner in which plaintiff was injured; hence, the employer had no insurance for an injury to an employee engaged in mowing the lawn at her residence on Hendersonville Road, notwithstanding she paid him indiscriminately for all services through her office at the store.

· "One of the fundamental tests of the right to compensation is not the title of the injured person, but the nature and quality of the act he is

performing at the time of his injury." *Hodges v. Mortgage Co.,* 201 N. C., 701, 161 S. E., 220; *Nissen v. Winston-Salem,* 206 N. C., 888, 175 S. E., 310.

The precise question here presented has not heretofore arisen in the State. However, the principle involved has been considered by courts in other states in numerous cases. The results obtained in the different cases are not always in harmony, but we think the weight of authority supports the conclusion we have reached.

A case in many respects similar to ours was decided by the Supreme Court of Maine in *Paradis Case,* 127 Me., 252. There the employer's specified business was that of general hardware, tinsmithing and plumbing, in a store. The claimant was employed to operate trucks, haul freight, unpack and deliver goods. His duties varied, however, and were divided between the store and the house of his employer. At the employer's house (during work hours) he made kindling, prepared fuel, tended fires, worked about the grounds. The employee was paid at the store. The wage included work done by the employee at the home as well as at the store. In mid-afternoon, at the home, while breaking up a box for kindling, he was injured when a nail flew from the box into his eye. Holding the claimant not entitled under the act, the Court said: "The manner in which an employee is paid is not necessarily a basis for the measurement of legal responsibility. *Olsen's Case,* 252 Mass., 108. . . . He (the employee) was injured while doing work wholly apart from any that his employer's hardware and connected business called upon the employee to do."

Under the Oklahoma act, limited to hazardous duties, the Court of that state recognizes the principle that when certain duties performed by an employee come within the provisions of the statute and other duties are without, and an injury arises out of the latter, compensation cannot be awarded. *Jones v. McDonnell,* 164 Okla., 226; *Oil Co. v. Wilson,* 165 Okla., 103. To the same effect is the holding in *Denny v. Dept. of Labor & Ind.,* 172 Wash., 631, and in *Ocean Accident & Guarantee Co. v. Ind. Com.,* 69 Utah, 473, where the employer was engaged in the general business of marketing sand and gravel and also farming. An employee injured raking hay was held not within the act.

In *Crockett v. Ind. Accident Com.,* 190 Cal., 538, claimant, employed as carpenter, was injured while sweeping down some walls in employer's residence. The Court said: "Employment may be dual in character. In so far as the employee acts in one capacity, he may be within the provisions of the Compensation Act; and in so far as he works in another capacity, his employment will be exempt from its provisions."

In *Kender v. Reineking,* 228 N. Y., 240, a workman employed in care of a building, after close of working hours, was specially employed to

repair an automobile on the premises and was injured while so engaged. It was held this was not an employment in connection with the care of the building, and compensation under Workmen's Compensation Act was denied.

In *Forester v. Eckerson,* 151 Atlantic, 639 (N. J.), where one employed as a painter in a plant was sent by executives of the company on several occasions to do painting work at the homes of the executives, the work was held casual and not in course of the business of his employer.

In *Pacific Employers Ins. Co. v. Department of Ind. Relations,* 267 Pac., 880 (Cal.), the claimant was employed in the business of trucking and hauling and was injured tearing down a barn by direction of employer. This was held not in course of the business or trade of employer, and compensation denied. So, also, where employer's business was that of a wholesale hat and millinery establishment, and the injury to employee occurred while he was plastering the building, compensation was denied for the reason that he was not engaged in work usual and necessary for the business, and the liability of insurer could not be extended beyond terms of the policy. *New Amsterdam Casualty Co. v. Ind. Com.* (Okla.), 193 Pac., 974. To the same effect is the holding in *Rust Lumber Co. v. General Accident Corp.,* 64 Sou., 122 (La.), and *Ostlie v. Dirks,* 248 N. W. (Minn.), 283.

In *Petit v. Reges,* 242 N. Y., 272, 151 N. E., 450, the policy insured against accident to employees while engaged at work upon certain premises and in connection with a described business. It was held that claim for injury at another place was not covered, the work having no relation to work on the premises described. The provisions in the insurance policy considered by the Court were identical with those of the policy in the case at bar.

In *Astrin v. East New York Woodwork Mfg. Co.,* 206 N. Y. S., 524, the policy covered accidents to employees at a certain place. Employer moved to another place without notice to the Insurance Company, and employee was injured at the latter place. The Court held the accident was not within the terms of the policy and reversed the award against the carrier, on the ground that the provisions of the policy (same as in our case) clearly state the intent of the parties as to the limitations of carrier's liability and constitute basis upon which the rates of insurance were fixed. Risk at another location might be different.

In *Tunnicliff v. Bettendorf,* 214 N. W., 516, the Supreme Court of Iowa considered the case of one employed as chauffeur and to care for automobiles. In a bungalow belonging to his employer and occupied by employer's son, he was injured while repairing a gas generating machine. The Compensation Act of Iowa is similar to ours, and the

policy was in the same form as in the instant case. There the Court, referring to the broad principle underlying these acts, said that the spirit of Workmen's Compensation Acts—the fundamental idea—was that the disability of a workman resulting from an injury arising out of and in course of his employment was a loss that should be borne by the industry itself as an incident of operation. "The clear objective of the compensation act is to protect the employee against the hazard of the employer's trade or business." *Eddington v. Northwestern Bell Tel. Co.,* 201 Iowa, 67. "In other words, the Compensation Act is intended to apply to the trade or business of the employer." *Pfister v. Doon Elec. Co.,* 199 Iowa, 548.

Under the California statute exempting "domestic service" and "horticulture" from the provisions of the Compensation Act, the case of a claimant employed in dual capacity of janitor for a dance hall and as house and garden laborer, was considered in *Kramer v. Ind. Com.,* 161 Pac., 278. Claimant was injured while pruning fruit trees. It was held that his employment as janitor came within the act, but that caring for grass, lawns, trees, shrubbery and flowers was horticultural and excluded, and that his injury was received while at work as gardener, and hence not compensable, not being incident to his work as janitor.

In *In re Sickles,* 156 N. Y. S., 864 (citing *Cleisner v. Cross,* 155 N. Y. S., 946), it was said: "The difficulty is that the employer was engaged in two entirely distinct kinds of business, one of which was not within the protection of the statute, and that claimant was injured in the performance of duties which at the time of injury solely had reference to that kind of business not protected." *Slaughter v. Pastrana,* 217 S. W., 749; *George v. Ind. Com.,* 178 Cal., 733.

The line of distinction appears clearly indicated in the case of *Grieb v. Hammerle,* 222 N. Y., 382 (opinion by *Cardozo, J.*), where an employee in a cigar factory, after hours, at request of employer, and as incident to his work, delivered cigars to purchasers. He was killed on way to deliver some cigars. Compensation was allowed, since the service, though after working hours, was incidental to the business. It may be interesting to note that *Mr. Justice Cardozo,* who wrote the opinion in this case, was also a member of the New York Court which later decided *Petit v. Reges, supra,* and concurred in that opinion.

There are decisions which on analysis seem to support appellee's contention that the injury under the facts of the instant case was within the provisions of the North Carolina Workmen's Compensation Act, was compensable, and that the insurance carrier is bound. Notably among these is *Matis v. Schaeffer,* 270 Pa., 141, where a laborer in a coal yard was sent out to assist on a farm and suffered sunstroke. There it was said that the general character of the contract of hiring and not

the casual or incidental work performed at request of employer governed. In *Heal v. Ind. Com.*, 197 Wis., 95, where claimant employed to drive a tractor for road construction was directed to drive the tractor to a plow for another and was injured, award of compensation was affirmed. In *Austin v. Leonard,* 177 Minn. 503, employer operated potato warehouses and a few farms. Employee was sent out to do work on a farm, and on his return to a warehouse for work there was killed en route. The injury was held within the statute. See, also, *City of Oakland v. Ind. Accident Com.,* 170 Pac., 430; *Carroll v. Necessities Corp.,* 233 Mich., 541; *Byas v. Hotel Bentley,* 157 La., 1030; and *Boteler v. Gardiner,* 164 Md., 478.

After giving careful consideration to all the cases cited by appellee and appellant in their excellent briefs, as well as to numerous other cases, we conclude that the action of the court below in affirming the award of the Industrial Commission against the defendant insurance carrier must be held for error, and that the judgment should be

Reversed.