30254.   UNITED STATES FIDELITY & GUARANTY
COMPANY *v.* STUBBS *et al.*

Decided December 4, 1943.

290

292

Anderson, Anderson & Walker, for plaintiff in error.
Jones, Jones & Sparks, contra.

FELTON, J. (After stating the foregoing facts.) The answer to the question here involved, to wit, which of the insurance carriers insured the injury to the employee, is to be found in the interpretation of the plain and unambiguous provisions of the insurance policies. The United States Fidelity & Guaranty Company policy covers the location at Fifth Street, Macon, Georgia, and classified operations to be insured as "building material dealers . . including local managers, drivers, chauffeurs and their helpers." Construing the entire policy, including all provisions pertinent to the question, it means that operations of the employer were insured at Fifth Street, Macon, Georgia, or elsewhere, if they were operations of the employer in the capacity of *a building-material dealer,* or an operation in connection therewith, or necessary, incident or appurtenant thereto, or in relation thereto. Provision A, quoted above, does not enlarge this coverage. It is true that it provides that "if any operations as above defined are undertaken by this employer but are not described or rated in said declarations, this employer agrees to pay the premium thereon;" but this provision must be construed in the light of the immediately preceding provision that "the premium is based upon the entire remuneration earned . . by all employees . . engaged in the business operations *described in* said *declarations* together with all operations necessary, incident or appurtenant thereto, or connected therewith . . or in relation thereto." There are numerous activities stated in the agreed statement of facts in which the employer engaged as

a business at and from the Fifth Street location, labor for which was put on the Fifth Street location payroll. Since the declaration in the policy covers only activities of building-material dealers it would be immaterial what other activities were carried on which were not connected with, incident or related to such operations. Only the operations declared in the policy are insured under the facts of this case. Unless shown to have been used in a different sense, "building material" means such as is essential for building any kind of house or structure. 12 C. J. S. 389; *Great Eastern Casualty Co.* v. *Blackwelder,* 21 *Ga. App.* 586 (94 S. E. 843). The obvious undertaking of the policy under consideration was to insure against the normal hazards of a business engaged in selling and handling building materials, and did not include the operation of a storage yard for other purposes, and the loading of a shovel boom for transportation to another operation which was not connected with, incident or related to the selling or handling of building materials. That the risk was no greater than that insured against is immaterial when the frequency of the risk might have been a determining factor in the fixing of rates, assuming that even that consideration would affect the case. What is important is that the contract fixes the obligation of the parties, and it cannot be enlarged upon except by an additional contract or some act or estoppel, neither of which appears here. See, in this connection, *American Mutual Liability Co.* v. *Lemming,* 187 *Ga.* 378 (200 S. E. 141); *American Casualty Co.* v. *Fisher,* 195 *Ga.* 136 (23 S. E. 2d, 395, 144 A. L. R. 533); Pettit *v.* Reges, 242 N. Y. 272 (151 N. E. 450); Neubeck *v.* Doscher, 204 App. Div. 617 (199 N. Y. Supp. 203); Patterson *v.* Courtenay Manufacturing Co., 196 S. C. 515 (14 S. E. 2d, 16); National Auto Insurance Co. *v.* Industrial Commissioners, 220 Cal. 642 (32 Pac. 2d, 356); Buice *v.* Service Mutual Insurance Co., (Tex. Civ. App.) 90 S. W. 2d, 342; Stefanick *v.* Ocean Accident & Guarantee Corp., 14 N. J. Misc. 708 (186 Atl. 778); Burnett *v.* Palmer Life Paint Co., 216 N. C. 204 (4 S. E. 2d, 507); Miller Brothers Construction Co. *v.* Maryland Casualty Co., 113 Conn. 504 (155 Atl. 709); Paulson *v.* Industrial Accident Commission, 44 Cal. App. 2d, 511 (112 Pac. 2d, 710); U. S. Fidelity & Guaranty Co. *v.* Bullard Gin & Mill Co., (Tex. Civ. App.) 245 S. W. 720; Kretchmer *v.* Monroe Union Oil Co., 260 N. Y. 276 (183 N. E. 387). The cases of *Zurich General*

*Accident & Liability Insurance Co.* v. *Ellington,* 34 *Ga. App.* 490 (130 S. E. 220), and *Hartford Accident & Indemnity Co.* v. *Hall,* 36 *Ga. App.* 574 (137 S. E. 415), are clearly distinguishable from this case, as are *Small* v. *Nu-Grape Company,* 46 *Ga. App.* 306 (167 S. E. 607), and *Small* v. *Public Indemnity Co.,* 46 *Ga. App.* 308 (167 S. E. 608). The payment of the employee's wages as if for operations covered by the policy could not have the effect of changing or reforming the policy when the insurance company did not receive the premiums with such notice so as to estop it. Olsne's Case, 252 Mass. 108 (147 N. E. 350) ; Gaines *v.* Traders & General Insurance Co., (Tex. Civ. App.) 99 S. W. 2d, 984; *Employers Liability Assurance Corp.* v. *Hunter,* 184 *Ga.* 196 (190 S. E. 598).

The operation in which the employee was injured was clearly necessary to, connected with, incident and related to the business of the employer in "the grading of land," "street or road construction," "paving," "surfacing or resurfacing or scraping—all kinds." It follows that the court erred in affirming the award of the board. The case is reversed with the direction that the court enter up judgment against the Continental Casualty Company, and in favor of the United States Fidelity & Guaranty Company.

*Judgment reversed with direction. Stephens, P. J., concurs. Sutton, J., dissents.*