RONALD W. HALES v. NORTH HILLS CONSTRUCTION CO., AND IOWA NATIONAL MUTUAL INSURANCE CO.

No. 6810IC328

(Filed 13 August 1969)

1. **Master and Servant § 96—** workmen's compensation — review of Commission's findings

The findings of fact of the Industrial Commission are binding on appeal when they are supported by any competent evidence, even though there be evidence that would have supported a contrary finding. G.S. 97-86.

**2. Master and Servant §§ 53, 61— injuries compensable — acts performed for third persons — dual or "lent" employment**

Findings and conclusion of the Industrial Commission that the accident resulting in plaintiff's injury did not arise out of and in the course of his employment with defendant, and that plaintiff was not a "lent" employee at time of accident, *are held* supported by evidence that plaintiff was employed as a carpenter by defendant construction company, that on the morning of the accident plaintiff was instructed by his foreman, defendant's assistant superintendent, to do some work on a house being built by the foreman, that plaintiff was injured on his way to the house when his station wagon was involved in an accident, that the foreman served as his own contractor in building the house and paid plaintiff by personal check for his time spent thereon, and that defendant had no connection whatsoever with the building of the house, notwithstanding there was also some evidence that tools, building materials and construction equipment owned or rented by defendant were used in the construction of the house, and that on prior occasions plaintiff had used his personal station wagon to go on defendant's jobs at the direction of his foreman.

**3. Master and Servant § 97— workmen's compensation — remand of proceedings**

In case findings of fact of the Industrial Commission are insufficient to determine the rights of the parties, the Court of Appeals may remand the proceedings to the Commission for additional findings.

**4. Master and Servant § 55— workmen's compensation — injuries compensable**

The Workmen's Compensation Act is not intended to provide general health and accident insurance; to be compensable the injury must spring from the employment.

**5. Master and Servant § 61— injuries compensable — acts performed for third persons**

An injury to an employee while he is performing acts for the benefit of third persons is not compensable unless the acts benefit the employer to an appreciable extent.

APPEAL by plaintiff employee from North Carolina Industrial Commission, Opinion and Award of 14 May 1968.

Defendant employer, North Hills Construction Company (North Hills) is a construction company engaged in the business of building homes, business establishments, and doing repair work. Plaintiff was employed by North Hills as a carpenter and on 6 September 1967 had been so employed for approximately fifteen months. On that date plaintiff was injured when his station wagon, in which he was riding, was involved in an automobile accident. Plaintiff's claim for workmen's compensation benefits was denied by North Hills and its insurance carrier. At the hearing before the Chairman of the Industrial Commission the parties stipulated that they were

subject to the provisions of the North Carolina Workmen's Compensation Act and that plaintiff was injured as a result of the automobile accident. The sole controversy was whether the accident arose out of and in the course of his employment with North Hills. After hearing evidence, the Chairman filed an opinion in which he found the following additional facts:

"7. That the assistant superintendent of the defendant employer, Mr. Jones, was building a dwelling house for himself, which is in no way related to the defendant employer's business.

"8. That the plaintiff had been doing work on Mr. Jones' home at intervals, for which he was paid by Mr. Jones for the time that he worked on the house.

"9. That on September 6, 1967 the plaintiff reported to work for the defendant employer at North Hills; that he worked for an hour and a half and then he was instructed by Mr. Jones to go to work on Mr. Jones' house; that on the way to Mr. Jones' house the plaintiff was involved in the automobile wreck.

"10. That the plaintiff, after working 1½ hours for the defendant employer, for which time he was paid by the defendant employer, was on his own time on the way to Mr. Jones' house where he was to work for Mr. Jones.

"11. That the plaintiff's injury did not arise out of and in the course of his employment with the defendant employer since the plaintiff had checked out and was on his own time for which he was being paid by Mr. Jones."

On these findings of fact the Chairman concluded as a matter of law that plaintiff's injuries did not result from an accident arising out of and in the course of his employment with defendant employer North Hills, and entered an award denying plaintiff's claim for compensation. On appeal to the full Commission, the Commission modified the findings of fact in a respect not pertinent to this appeal, and as so modified, affirmed the original opinion and award. From the opinion and award of the full Commission denying plaintiff's claim for compensation, plaintiff appeals.

*Gene C. Smith for plaintiff appellant.*

*Young, Moore & Henderson, by Joseph C. Moore, for defendant appellees.*

PARKER, J.

[1]     Appellant's first assignment of error is that finding of fact No. 7 "controverts competent evidence." His second assignment of error is that finding of fact No. 8 is "contrary to the evidence." His third and fourth assignments of error are that findings of fact Nos. 10 and 11 are not supported by competent evidence. In considering all of these assignments of error, however, the only question for this Court to determine on this appeal is whether the challenged findings of fact were supported by any competent evidence. If so, they are binding upon appeal. G.S. 97-86; *Byers v. Highway Comm.*, 275 N.C. 229, 166 S.E. 2d 649; *Brice v. Salvage Co.*, 249 N.C. 74, 105 S.E. 2d 439. This is true even though there be evidence that would have supported a contrary finding. *Keller v. Wiring Co.*, 259 N.C. 222, 130 S.E. 2d 342; *Searcy v. Branson*, 253 N.C. 64, 116 S.E. 2d 175.

[2]     In our opinion there is evidence to support the Commission's crucial findings in this case. The defendant employer's general superintendent, as well as Jones himself, testified that North Hills had no connection whatsoever with the building of Jones' house. Jones testified that he served as his own contractor in building his house. The plaintiff himself testified that when he had worked full weeks on the Jones house, he had kept a record of the time he worked as well as the time worked by other laborers who were helping him on the house, and that Jones had paid them by personal checks for this time. Defendant's general superintendent also testified that defendant North Hills had not paid plaintiff for time he worked on the Jones house. There was evidence that on the day of the accident plaintiff had reported for work with North Hills at 7:30 o'clock in the morning and had worked for approximately an hour and a half on a store building under construction by North Hills, for which time he had been paid by North Hills. Jones testified he had then asked plaintiff to do some work on his house. Plaintiff himself testified that he was on his way to work on the Jones house when the accident occurred. This evidence was amply sufficient to support the challenged findings.

Appellant assigns as error (assignments of error Nos. 5 through 9) that the Commission failed to find certain facts which, contrary to the facts which it did find, would have tended to show that the defendant North Hills had some connection with the building of the Jones house. There was some evidence that tools and building materials belonging to North Hills had been used in construction of the Jones house; that some construction equipment rented by North Hills had also been used at the site of the Jones house; that

Jones was plaintiff's foreman at North Hills and plaintiff was subject to his orders; and that on previous occasions plaintiff had used his personal station wagon to go from job to job for North Hills at the direction of his foreman. This evidence might have supported, but certainly did not compel, a finding that defendant North Hills was to some extent involved in construction of the Jones house. The Industrial Commission, which was the fact finding body, on competent evidence has found to the contrary. Its findings are binding on this appeal. G.S. 97-86, and cases cited *supra.*

[2, 3]     Appellant's remaining assignments of error are directed to the Commission's failure to find, both as a fact and as a conclusion of law, that plaintiff was injured by an accident which arose out of and in the course of his employment with North Hills and that the Commission failed to find plaintiff was a "lent" employee at the time of the accident and that he was at that time following the directions of his supervisory foreman. In case findings of . fact of the Industrial Commission are insufficient to determine the rights of the parties, this Court may remand the proceedings to the Commission for additional findings. *Brice v. Salvage Co., supra.* However, in our view the findings of fact made by the Commission in this case were sufficient under the law of our State to determine the rights of the parties. Appellant, in support of his argument that there should have been a finding on his status as a "lent" employee at the time of the accident, has cited *Leggette v. McCotter,* 265 N.C. 617, 144 S.E. 2d 849. That case involved an accident which resulted in the death of an employee who was employed as operator of certain heavy loading equipment. One phase of the business of his general employer was the leasing to its customers of heavy equipment complete with operator at a stipulated sum per hour. The accident occurred while the employee was engaged in operating the equipment under the direction of such a lessee. The Supreme Court affirmed the award of the Industrial Commission which held both the lessor general employer and the lessee special employer liable under the workmen's Compensation Act. The Court held that case to be one of dual employment, laying stress on the fact that the employee was engaged in work which was beneficial to his general employer and which was part of the general employer's business. In the present case there is no evidence that the building of the Jones house was in any way beneficial to North Hills, and the Commission has found on competent evidence that the building of that house was in no way related to North Hills' business. We do not believe the holding in *Leggette v. McCotter, supra,* is applicable to the circumstances of the present case. The holding in *Burnett v. Paint Co.,* 216 N.C. 204,

4 S.E. 2d 507, would seem more nearly apposite. In that case the employee was employed as a janitor at a paint store owned by an individual. The store employed more than five employees and was subject to the Workmen's Compensation Act. During his regular working hours and while being paid on the store's payroll, he was sent by his employer to work at her residence. While there engaged in mowing grass he was injured. The Supreme Court held he was not entitled to an award of workmen's compensation. Speaking through Devin, J. (later C.J.) the Court said:

> "It is clear, we think, if the employer had been a corporation or partnership, of which Mrs. Lipe was an executive, an injury to an employee of the company while engaged in private and personal work for her, having no relation in character or location to the business of the company, would not have been compensable by the company or its insurance carrier under the act. And we think the same reasoning would apply when the same person operates a business or industry, and also has personal service rendered in and around a private residence at another location."

[4, 5]   The Workmen's Compensation Act is not intended to provide general health and accident insurance. To be compensable the injury must spring from the employment. An injury to an employee while he is performing acts for the benefit of third persons is not compensable unless the acts benefit the employer to an appreciable extent. *Lewis v. Tobacco Co.*, 260 N.C. 410, 132 S.E. 2d 877.

In the present case, plaintiff employee was injured after he had left his work at North Hills and while he was on his way to perform work solely for the benefit of Jones. The accident did not arise out of and in the course of his employment with North Hills, and the award of the Industrial Commission denying recovery of compensation is

Affirmed.

BROCK and BRITT, JJ., concur.