I respectfully dissent from the majority opinion finding that plaintiff was acting within the course and scope of his employment with defendant at the time of plaintiff's October 19, 2004 motor vehicle accident.
Deputy Commissioner Ledford was correct in concluding that plaintiff did not suffer a compensable injury by accident pursuant to N.C. Gen. Stat. § 97-2(6) on October 19, 2004 because plaintiff's accident did not arise out of or in the course and scope of his employment with defendant. An accident arises out of and in the course of employment when it occurs while the employee is engaged in some activity or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business. Perry v. AmericanBakeries Co., 262 N.C. 272 (1964). In order to show that an injury arose out of employment, the injury must have been a natural and probable consequence of the employment so that there is some causal relation between the accident and the duties of employment. Didly v. MBWInvestments, Inc., 152 N.C. App. 65, 566 S. E. 2d 759 (2002). Acting in the course of employment refers to the time, place, and circumstances under which the injury occurs. Guest v. Brenner Iron Metal Co.,241 N.C. 448 (1955). Where an employee works for both a company and the individual owner of the company, the controlling issue is whether the employee is performing duties for the benefit of the company. SeeBurnett v. Palmer-Lipe Paint Co., 216 N.C. 204 (1939); Hales v. NorthHills Construction Co., 5 N.C. App. 564 (1969). *Page 15 
In the case sub judice, the greater weight of the competent evidence shows that plaintiff's injury did not arise out of and within the course and scope of his employment with defendant. Plaintiff was employed by defendant Gurkin Construction Company as a tool room attendant. In addition, plaintiff was employed doing personal odd jobs for the Gurkins at their residence. These two jobs were two completely separate and distinct jobs. The duties performed by plaintiff for the Gurkins were not for the benefit of and were not in furtherance of defendant Gurkin Construction Company's business.
There was no causal connection between plaintiff's injury and his employment with defendant Gurkin Construction Company. At the time of plaintiff's accident, plaintiff had departed from his regular place of employment and duties for defendant Gurkin Construction Company to do personal work for the Gurkins. Earl Gurkin had instructed plaintiff to accompany Mr. Hubert Campbell to plant grass in a five acre field, owned by the Gurkins. At the time of the accident, plaintiff had completed this personal job and was traveling to the Gurkins' home to perform additional privately contracted work for Earl and Dixie Gurkin on their personal residential property and to retrieve his personal vehicle.
In addition, plaintiff's subjective belief that the line between his employment with defendant Gurkin Constriction Company and his separate private work for the Gurkins had become blurred is immaterial. The test of whether the accident is related to the scope of employment duties is not controlled by the subjective belief of the worker, or by how he was paid, but rather the fundamental and determinative test is the nature and quality of the act being performed at the time of the injury.Burnett v. Palmer-Lipe Paint Co., 216 N.C. 204 (1939).
For the foregoing reasons the undersigned believes that at the time of his injury, plaintiff was acting for the sole personal benefit of the Gurkin's and was not acting within the course and *Page 16 
scope of his employment with Gurkin Construction Company. Therefore, the evidence fails to establish that plaintiff suffered compensable injury by accident pursuant to N.C. Gen. Stat. § 97-2(6).
This the 20th day of November 2007.
 S/_______________ BUCK LATTIMORE COMMISSIONER *Page 1